SCHOTT, Judge.
This is an appeál by a wife from a judgment awarding alimony and child support in the amount of $150 per month for the wife and $250 per month for each of three children, or a total of $900. Presented for a resolution is the sole issue of whether the award of alimony and child support is sufficient.
The judgment appealed from was rendered immediately upon the conclusion of the trial on Sepetmber 27, 1971. The wife’s motion for a new trial was denied immediately after the hearing of same on October 8, 1971. The appeal bond was filed on November 4 and the return date for the transcript was originally fixed for February 18, 1972. The return date was subsequently extended until June 16 and the appeal was lodged in this Court on May 5. The matter was argued and submitted here on February 7, 1973, almost 16 months after the date of the trial.
At the trial of which the transcript of the proceedings is only 43 pages in length and which consisted exclusively of the testimony of the parties, the wife produced a schedule of expenses for herself and her children to support her claim that she needed $1750 per month in order to be maintained in the situation comparable to that which they enjoyed prior to the separation of the parties. At the time of the trial she was earning $200 per month as a part-time dietition and was attending graduate school. In the meantime, the husband was earning a net income after taxes of approximately $2150 per month as a psychiatric resident in training at Tulane Medical School. He estimated his expenses to be approximately $950 per month. The record shows that there is some uncertainty and discrepancy with respect to the amount of income taxes to be payable by the husband on his earnings so that the net amount of his income is not established with certainty. Likewise, there is the usual uncertainty with respect to some of the items which the wife has included in her needs and those of her children. The cases are legion to the effect that the amount of alimony pendente lite to be awarded is largely within the discretion of the trial judge and when exercised fairly will not ordinarily be interfered with on appeal. We think that this principle is applicable to the instant case.
More important, however, is the fact that in oral argument before this Court it became apparent that the circumstances of these parties are vastly different at this time from what they were on the date the judgment was taken. For example, the wife included in her needs an item of $314.34 for mortgage payments on the family home which she and her children were occupying at the time of the trial. But we are now told by both counsel that the house has since been sold and the proceeds divided between the parties. Thus, not only is the mortgage payment irrelevant to her situation but also such items as “gardener and lawn care $19.73,” and “appliance repair and maintenance of home $143.09.” The latter item included membership dues in the neighborhood improvement association and service contracts for appliances in the home. We are informed by both counsel that these parties are no longer even residing in this State but that *865 they both have since the trial returned to Alabama whence they came and are now residing there. At the time of the trial the wife included in her needs her own tuition' of $50 per month for her courses at Tulane in her pursuit of a Masters Degree in Public Health Nutrition. This item would no longer be applicable. Finally, at the time of the trial, the husband was a psychiatric resident in training at Tulane and his income included grants from various sources. To some extent this accounted for a somewhat unusual income tax situation while the parties resided together here in Louisiana. Now that he is no longer occupying that status his income situation is necessarily and considerably revised.
In view of the drastic change in the circumstances of these parties at this time, as compared to the circumstances described in the record and discussed in brief by counsel for the parties, and since both parties are no longer even residing in this State, the most practical disposition which can be made of this case is a dismissal of the appeal since the issues posed for our consideration have now become moot.
Appeal dismissed.