BOUTALL, Judge.
Mrs. Ada M. Chidester Robichaux filed suit for separation from bed and board from her husband and as an incident thereto sought alimony pendente lite. The trial court rendered judgment ordering the husband to pay $740.00 per month alimony and the husband appeals, seeking a decrease in the award.
In his judgment the trial judge stated that his determination of alimony pendente lite is predicated on the wife’s needs and the husband’s ability to pay. It thus appears that there is no basic legal issue here. LSA-C.C. art. 148; Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972); Small v. Small, 173 So.2d 854 (La.App. 4th Cir. 1965). The basic issue on this appeal is whether the trial judge committed manifest error in determining the amount of the award.
It is elementary that the trial judge who heard the witnesses and considered the respective questions of the wife’s needs and the husband’s ability to pay is in a better position to find the facts necessary upon which to base such an award. His findings cannot be overturned unless there is manifest error apparent, and he is granted wide discretion in determining the amount. The trial judge in this case gave detailed and well considered reasons for his decision. He found that the income of the husband was nearly $32,000 in 1970 and was computed to be something more than $30,-000 in 1971, dependent upon the amount of return from some investments, which had been reinvested to create a greater return thereon. Balanced against this, Mrs. Robi-chaux’s expenses, according to her testimony, amounted to $908.00 per month. The trial judge eliminated some of the inflated figures and concluded that she should be awarded the sum of $740.00 per month. Without discussing in detail the various items, the record clearly reflects that the trial judge very carefully considered each individual item of expense and income in arriving at his conclusion, and we are in agreement with the award he made.
For the foregoing reasons it is ordered that the judgment of the trial court is affirmed. Appellant to pay all costs of the appeal.
Affirmed.