HOOD, Judge.
Sidney J. Broussard instituted this suit for separation from bed and board against his wife, Theresa Leger, alleging as grounds therefor that his wife abandoned him. Defendant reconvened seeking a separation on grounds of cruel treatment, and demanding support and attorney’s fees. Judgment was rendered by the trial court in favor of the plaintiff husband, decreeing a separation from bed and board between the parties, and condemning the husband to pay support to his wife in the amount of $200.00 per month. The defendant wife appealed.
The issues are: (1) Whether the evidence supports the judgment of separation in favor of the husband; (2) whether it supports such a judgment in favor of the wife; and (3) whether the award of support should be increased.
*876 Plaintiff and defendant were married on June 9, 1973, and they established their home in Gueydan, Vermilion Parish, Louisiana. No children were born of that union, but each of the parties had been married previously, and each had children by his or her prior marriage. The parties separated on November 27, 1973, and shortly thereafter the husband filed a separation suit alleging abandonment. The wife reconvened for a separation on the grounds of cruel treatment. No judgment was rendered in that suit, because the parties became reconciled and resumed living together on February 1, 1974. They separated again on February 15, 1974, and have lived separate and apart since that time. This suit was filed on February 19, 1974, four days after the last separation occurred.
While the parties lived together during the last mentioned period of time, one of plaintiff’s sons and defendant’s two children lived with them in their home.
The parties have never had a happy marriage. They separated the first time on November 27, 1973, because defendant refused to accompany her husband to a doctor’s office on that day, and Mr. Brous-sard thereupon threatened to beat defendant with a boot if she were still in the house when he returned. They remained separated for more than two months on that occasion, but they resumed living together on February 1, 1974, because plaintiff promised that “he would change.” They argued with each other frequently during the fifteen day period they lived together following that reconciliation.
They separated finally about 10:00 P.M. on February 15, 1974. At or about that time the parties were in bed at their home, in their night clothes, and Mrs. Broussard asked her husband to have his son turn down the volume of the stereo player he was listening to in another room. A violent argument followed that request, and during the course of that argument Mr. Broussard slapped defendant and told her to “take her two kids and get out.” Mrs. Broussard thereupon got dressed and she and her 12 year old son drove to another residence in Gueydan, where they picked up defendant’s 16 year old daughter who was attending a party there. The three of them returned to the home to get their clothes, and as they were preparing to leave, plaintiff asked them if they were going. Defendant replied that they were leaving, and plaintiff said “good.” He made no effort to persuade them to remain. Defendant and her children then drove to Eunice, Louisiana, where they have been living since that time.
Defendant testified that she will not return to plaintiff because she is afraid of him. She stated that he “gets real mad all of the time and threatens me,” that he curses her, that she returned to him after the first separation because he promised not to abuse her, and that despite that promise “He did the same thing.”
Plaintiff denies that he struck his wife or that he told her to leave. His testimony is not supported by any other evidence, while Mrs. Broussard’s version of the facts is confirmed by that of other witnesses. Her 12 year old son, for instance, saw plaintiff slap and then push defendant. He heard plaintiff tell his wife to “get your two kids and leave.” And, he stated that they would “fuss a lot” and that plaintiff called defendant “nasty names.” Defendant’s daughter heard Mr. Broussard say “good” when his wife told him they were leaving, and she stated that the parties “fought most of the time,” and that plaintiff called defendant “uncomplimentary names.” The daughter also testified that on another occasion she heard Mr. Broussard fussing at Mrs. Broussard and threatening to “beat” her, and that she saw plaintiff “pushing her against the wall” while making those threats. Mr. Brous-sard’s own son, called as a witness by plaintiff, confirmed the fact that Mr. and Mrs. Broussard engaged in an argument on the night of February 15, 1974, after which the defendant dressed and left with her children. He did not see his father strike *877 his stepmother on that occasion, but he stated that “they’d fuss a lot,” and that on the night defendant left “both of them were angry.”
The trial judge appears to have accepted the testimony of the defendant, because he based his decision on her statements. He denied the wife’s reconventional demand and concluded that plaintiff was entitled to a separation decree because (1) defendant stated that she refused to accompany her husband to the doctor’s office because she wanted to stay with her 12 year old son; (2)defendant by her own admission did not sleep with her husband; (3) defendant admits that “she is the one who stated that the instrument that the son of Mr. Brous-sard was playing was so loud.” Considering these facts, the trial judge concluded that “defendant may feel that she had cause for leaving,” but that “the court does not feel there was legal cause.”
Plaintiff, of course, based his demand for a separation on grounds of abandonment. The trial judge did not mention, and apparently did not consider, any of the acts of plaintiff which caused defendant to fear him and to leave him, and which she contends justified her leaving the home. The only evidence considered by the trial court was that which he apparently concluded constituted cruel treatment on the part of the wife.
We find no evidence to support the second conclusion or ground found by the trial court. The evidence appears to be uncontradicted, even by plaintiff, that the parties slept together every night except for a maximum of three occasions when plaintiff’s son slept in the bed with his father, forcing defendant to spend those three nights either in her daughter’s room or on the couch.
The evidence convinces us that Mrs. Broussard had adequate cause to leave her husband. It also establishes that Mr. Broussard committed acts of cruelty toward his wife of such a nature that she is entitled to judgment in her favor decreeing a separation between the parties. We think the trial judge clearly erred in rendering judgment in favor of the plaintiff husband, and in failing to decree that the defendant wife is entitled to a separation on grounds of cruelty under her reconven-tional demand.
Mrs. Broussard contends that the award of $200.00 per month as support pendente lite should be increased. The evidence shows, however, that she has assets which are invested, providing her with an income of about $1,000.00 per year, and that each of her two children receives Social Security payments amounting to $196.00 per month, plus workmen’s compensation benefits due them because of the death of their father.
The trial judge has wide discretion in determining the amount of alimony pen-dente lite which should be awarded, and his conclusions as to such awards ordinarily will not be disturbed. Robichaux v. Robichaux, 276 So.2d 332 (La.App. 4 Cir. 1973); Davis v. Davis, 274 So.2d 863 (La.App. 4 Cir. 1973). We find no abuse of discretion by the trial court in this case.
For the reasons assigned, the judgment appealed from is amended to decree that (1) judgment is rendered in favor of plaintiff-in-reconvention, Theresa (Therese) Leger, and against defendant-in-recon-vention, Sidney J. Broussard, decreeing a separation from bed and board and dissolving forever the community of ac-quets and gains heretofore existing between them; (2) Sidney J. Broussard is ordered to pay to Theresa (Therese) Leger for her support the sum of $200.00 per month beginning October 1, 1974; and (3)the principal demand of Sidney J. Broussard for a separation from bed and board is hereby dismissed. The judgment in all other respects is affirmed. The costs of this appeal are assessed to plaintiff-ap-pellee, Sidney J. Broussard.
Amended and affirmed.