STOULIG, Judge.
Appellant, Renee Lulich, has appealed a judgment of the Civil District Court for the Parish of Orleans that, inter alia, deprived her of the custody of her 12-year-old minor child, Jean, and granted it to St. Elizabeth’s Children’s Home. The hearing at which the custody change was determined was initiated ex proprio motu by the trial judge after a disturbance occurred between the minor and her mother.
As background, we note that Renee and John Lulich, Jr., were divorced in what has been extensive and bitter litigation. Mrs. Lulich, awarded the divorce on the ground of adultery, was also given custody of Jean.
The events that precipitated this hearing began on Saturday, September 17, 1977, when Jean returned to her home with her mother after visiting with her father and his present wife, Carol Lee Lulich. While Jean’s older sister Pauline was at a shopping center, she saw Jean, accompanied by Carol Lee, driving a car and almost colliding with another vehicle. To avoid punishment for disobeying her mother with respect to driving, Jean told a series of lies and finally her mother attempted to punish her for lying. She defied her mother’s order to go to her room, there was an exchange of words and a physical exchange of blows, and later that night Jean left home after calling her father to pick her up. When Renee discovered her daughter was missing she attempted to locate her at the ex-husband’s home, and then called the police, who told her it was a civil matter. Sometime around midnight, the mother called the trial judge.
Apparently being concerned over the welfare and best interest of the child, the trial judge on Monday, September 19, 1977, requested the attorneys for the litigants to appear in his court. An ex proprio motu order was issued by the judge to both the mother and the father to show cause on September 30, 1977 why custody should not be taken “from both or either” and given to a third party. The trial court that date gave the father temporary custody until September 30, 1977.
On the date of the hearing Renee Lulich filed an exception of no cause or right of action and of lack of jurisdiction. The trial court should have maintained the exception as to jurisdiction and its capacity to initiate the rule (no right of action).
C.C. arts. 146 and 157, our substantive custody laws, confer on a district judge the power to award the custody to the mother while the litigation is pending (unless circumstances militate against this) and to the spouse who obtains the divorce, unless this is not in the interest of the child. In both cases the judge must choose between the parents and cannot confer custody on a third person. As the Supreme Court points out in Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972), the source article in the Code Napoleon permits a trial court to vest custody in third persons, but Louisiana chose to delete this option from its custody rules.
Griffith also pointed out that exclusive jurisdiction is vested in the juvenile court in cases of child neglect and abuse, and when such a complaint is made against the custodial parent, the State is the party to initiate the charge. In parishes where there is no separate juvenile court, a district judge may sit as a juvenile judge where the matters before him are within the juvenile jurisdiction. However, in Orleans Parish, where there is a separate juvenile court, the Civil District Court has no jurisdiction whatsoever over juvenile matters. R.S. 13:1566 establishes the Orleans Parish Juvenile Court and R.S. 13:1570 confers on it exclusive original jurisdiction in *453 proceedings concerning a child within the parish subjected to neglect, abuse or delinquency. (Confirmed by LSA-Const. of 1974, Art. 5, §§ 15, 16 and 18.)
 The trial judge’s self-initiated act of provoking the hearing at which the custodial care of the child was denied both parents and the minor placed in an institution was obviously motivated by his belief that the best interest and welfare of the child demanded this immediacy of action. To reach the result that he did the trial judge had to find that the daughter was either neglected or abused as defined by R.S. 13:1570 A(l) or that she was technically delinquent (disobedient or beyond the control of her parents) under R.S. 13:1570 A(3). However, neither of these determinations are within the province of the District Court for the Parish of Orleans but are vested exclusively in the juvenile court for said parish, the latter also having the authority to “ * * * make such informal adjustment as is practicable without a petition * * *.” Such an informal procedure is not available to the District Court and if it deemed a determination of neglect, abuse or delinquency was necessary for the welfare of the child, then the trial judge could have directed the attention of the juvenile authorities to this matter.
Therefore, we conclude the trial judge had no right to initiate this proceeding ex proprio motu nor did he have jurisdiction to conduct a hearing to determine if Jean Lu-lich was neglected, mistreated or was a delinquent. While these labels have not been used in the trial of the rule, it is apparent this is the essence of the court-initiated inquiry.
For the reasons assigned, the judgment appealed from is annulled and the custody of Jean Lulich is restored to her mother Renee. The exceptions of no right of action and of lack of jurisdiction are maintained.
JUDGMENT ANNULLED; EXCEPTIONS MAINTAINED.
ORDER
We grant rehearing.
The case will be submitted to the Court on rehearing on July 25, 1978, on the existing record and whatever additional briefs the parties may wish to file on or before July 24, 1978.