GRISBAUM, Judge.
This is an appeal from a judgment denying the paternal grandparents’ (who are also the adoptive parents) rule to terminate the visitation by the maternal grandparents of a minor child whose parents are both deceased. We affirm.
Three issues are presented:
(1) Whether the trial court lacked subject matter jurisdiction?
(2) Whether Louisiana Revised Statute 9:572(B) is applicable when both parents of a minor child are deceased?
*83 (3) Whether the trial court abused its discretion in its determination of what is in the best interest of the child?
The parents of Erin E. O’Brien are deceased. The father died in September 1981; the mother, in March 1982. Thereafter, the child lived with her maternal grandmother, Sandra Shepley (Sandra and Frank Shepley were separated at that time and are now divorced). On March 19,1982, the paternal grandparents, Mary and William O’Brien, filed a writ of habeas corpus in the district court and requested custody of Erin. Custody of Erin was awarded to Mr. and Mrs. O’Brien on March 23, 1982.
In June 1982, the Shepleys filed a “Rule for Visitation.” Visitation rights were granted pursuant to Louisiana Revised Statute 9:572. The maternal grandmother was to have visitation every Thursday from 1 p.m. to 5 p.m., and the maternal grandfather was to have visitation on every Saturday from 1 p.m. to 5 p.m. These visitation rights were conditioned upon Mrs. Shep-ley’s posting a $25,000 bond and upon neither of the maternal grandparents removing the child from the boundaries of Orleans and Jefferson Parishes.
In December 1982, in a proceeding in the Juvenile Court of Jefferson Parish, the O’Briens (her paternal grandparents) legally adopted Erin. Thereafter, in March 1983, they filed a petition in the district court to terminate the visitation of Erin’s maternal grandparents. After a hearing, the trial judge dismissed the paternal grandparents’ rule to terminate visitation; however, he reduced visitation to one day a week with no visitation during the month of August. From this judgment, the paternal grandparents appeal.
In addressing the initial issue of whether the trial court lacked subject matter jurisdiction, we are guided by Louisiana Constitution of 1974 and other statutory provisions. Setting forth district court jurisdiction, the Louisiana Constitution in Article 5 Section 16 of 1974 provides:
Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters.
Article 5 Section 18 provides:
Notwithstanding any contrary provision of § 16 of this article, juvenile and family courts shall have jurisdiction as provided by law.
Article 5 Section 18 provides that the jurisdiction of juvenile and family courts shall be established “as provided by law.” Presently, the legislature in Louisiana Revised Statute 13:1570 has set forth the only expression of original exclusive jurisdiction of the juvenile courts. Louisiana Revised Statute 13:1570 provides in part:
Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
(1) Whose parent or other person legally responsible for the care and support of such child neglects or refuses, when able to do so, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his wellbeing; or who is abandoned by his parent or other custodian; or who is otherwise without proper care, custody, or support; or who is a live born human being, as defined in R.S. 13:1569(16)(e), who survives and is not killed in an abortion attempt....
A similar question of jurisdiction arose in Girouard v. Halpin, 368 So.2d 1139 (La. App. 3d Cir.1979). In that case, a summary proceeding (which involved a child’s natural mother’s request for custody) was filed in a district court. Judge Culpepper, writing for the panel of the Third Circuit, discussed the caselaw concerning district court jurisdiction in “child” related cases. After reviewing the caselaw, the Girouard court explains that it appears juvenile courts do not have exclusive jurisdiction in a custody dispute between a parent and a non-parent where the child is not in a present state of neglect, requiring that the state protect the welfare of the child. The Girouard court went on to hold that the *84 district court had jurisdiction of a summary judgment proceeding to obtain child custody.
While recognizing the specificity of the Girouard holding, we agree with its rationale. The Girouard court indicates, and we agree, that in cases involving questions of neglect, especially where the state is a party to an action, juvenile courts have exclusive jurisdiction. From our review of Louisiana caselaw, it appears that in other cases pertaining to custody and issues incidental to the custody of a child, district courts and juvenile courts have concurrent jurisdiction.
In this case there has been no indication in the record of any question of neglect. Therefore, from our analysis and under the facts and circumstances of this cases, we find the district court had subject matter jurisdiction.
We are also called upon to decide whether the Louisiana Revised Statute 9:572(B) is applicable when both parents of the minor child are deceased. We note our Civil Code article 214 which states:
... Otherwise, upon adoption: the blood parent or parents and all other blood relatives of the adopted person, except as provided by R.S. 9:57'2(B), are relieved of all of their legal duties and divested of all of their legal rights with regard to the adopted person ... (Emphasis added)
We also note Louisiana Revised Statute 9:572(B) provides as follows:
B. Notwithstanding any provision of law to the contrary contained in Article 214 of the Louisiana Civil Code, in the event of an adoption, the natural parents of a deceased party to a marriage dissolved by death may have limited visitation rights to the minor child or children of the marriage dissolved by death; provided the natural parents of a deceased party prove that they have been unreasonably denied visitation rights and such limited visitation rights would be in the best interests of the minor child or children; and provided further, that the adoption takes place after the parent whose parents are seeking visitation rights is deceased. The court shall consider all relevant factors in reaching a conclusion, including without limitation psychological evaluation, and it may order an investigation by the Department of Health and Human Resources.
Fortunately, our jurisprudence has given us general principles for statutory interpretation. As stated in Lucas v. Berkett, 233 La. 896, 98 So.2d 229, 235 (1957), the function of the courts is to interpret the law so as to provide the connotation the lawmaker obviously intended and not to construe statutes so rigidly as to give them preposterous or odd meanings. Where a literal interpretation would produce absurd consequences, the statute must be construed so as to produce a reasonable result. Also, Louisiana Civil Code article 18 states:
The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it.
We find, by its enacting Revised Statute 9:572(B), the legislature recognized the love, affection, and developmental needs of a grandchild which grandparents can provide, as well as the correspondent need of grandparents to maintain and nourish the love and affection of their grandchild. We also recognize our legislature protects the rights of adoptive parents and adopted children in Civil Code article 214. By enacting Louisiana Revised Statute 9:572(B), it established certain limited visitation rights for grandparents when, and only when, those rights have been unreasonably denied, along with the further proviso that visitation could only be affected when, in the court’s determination, it would be in the best interest of the minor child. The spirit of Louisiana Revised Statute 9:572(B) is promoted by allowing grandparent visitation when both parents die, and the child is then adopted by one set of the grandparents. We see no logic in limiting its application to the death of one parent.
*85 In addressing the final issue of whether the trial court was clearly wrong in its factual finding that visitation with the maternal grandparents was in the best interest of the minor child, we refer to the trial judge’s reasons for judgment; he states, “... Nothing I heard today convinces me that the visitation by the grandparents is detrimental to the child.” The appellants contend the trial court did not specifically address the relevant factors in determining what is in the best interest of the child (e.g., stability, security and continuity); and, therefore, the trial judge was “clearly wrong.”
Much of the testimony by the paternal grandparents focused on the inconvenience caused by the child’s visitation with her maternal grandparents. The paternal grandparents considered the visitation “disruptive” to their family and to Erin. Only the paternal grandparents testified that Erin was “upset” by visits with the maternal grandparents. The record also reflects the maternal and paternal grandparents did not get along with each other. Finally, a careful review of the record reveals the trial judge listened, to the testimony of the O’Briens as well as the Shepleys and concluded that limited visitation rights were in the best interest of the child. While the trial judge did not articulate all his reasons, we find the record does reflect the trial judge had a factual basis for his conclusion. Therefore, we find the trial judge was not clearly wrong in granting the limited visitation rights to the maternal grandparents.
For the reasons assigned, we affirm the judgment of the trial court. All costs of this appeal are to be assessed against the appellant.'
AFFIRMED.