BARRY, Judge.
Relator contends that Juvenile Court has exclusive jurisdiction on the issue of nonsupport of a juvenile. We disagree.
David Belfield executed an Acknowledgment of Paternity on June 11, 1982, declaring that he is the father of Tiffany Williams, born January 21, 1973.
On January 6, 1989 a judgment was entered in the Domestic Relations Section (C.D.C.) decreeing Belfield to be the biological father of Tiffany and awarding custody of the child to her mother, Hattie Williams. Allegedly, D.H.H.R., through the Office of Family Security, had filed a Petition to Establish Paternity and Child Support.
The Office of Family Security apparently filed a motion to hold Belfield in contempt for nonpayment of child support. On July 13, 1990 the court found Belfield in arrears and ordered payment of the support.
In a September 19, 1990 judgment the district court found Belfield in contempt and imposed a ten day suspended sentence. That judgment ordered an income assignment.
Allegedly, on December 20, 1990, the Office of Family Security filed a Rule to Continue Support. (Copy not filed with this Court.) Belfield filed an Exception of *1210 Lack of Subject Matter Jurisdiction, alleging that exclusive jurisdiction rests with Juvenile Court. The district court overruled the exception and Belfield now seeks review of that ruling. Belfield failed to include in this application a copy of that judgment.
LSA-Const. Art. 5, § 16 grants original jurisdiction to district courts in all civil and criminal matters. LSA-Const. Art. 5, § 18 provides that “[notwithstanding any contrary provision of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law.”
LSA-C.C.P. art. 10A(8) provides in pertinent part:
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
[[Image here]]
(8) Unless otherwise provided by law, an action to establish parentage and support or to disavow parentage if the child is domiciled in or is in this state, and was either born in this state, born out of state while its mother was domiciled in this state, or acknowledged in this state....
The Notes following that article refer to R.S. 13:1138-1140 (domestic relations section).
LSA-R.S. 13:1138(A)(1), prior to its 1990 amendment, provided for the establishment of the Domestic Relations Section of Orleans Civil District Court (C.D.C.) and enumerated the types of cases to be assigned:
A. The judges of the Civil District Court for the parish of Orleans ... shall create the domestic relations Section of that court.... The Domestic Relations Section shall be assigned all cases involving domestic relations problems, including the following:
(1) Actions for divorce, separation from bed and board, annulment of marriage, establishment or disavowal of paternity of children, alimony, support of children,_ [Emphasis added.]
LSA-R.S. 13:1140 granted jurisdiction:
A. ... Civil District Court for the parish of Orleans ... shall have exclusive original jurisdiction over all cases involving domestic relations problems, more specifically the following, to wit:
(1) Actions for divorce, separation from bed and board, annulment of marriage, establishment or disavowal of paternity of children, alimony, support of children, custody by habeas corpus or otherwise, visitation rights, and all matters incidental to any of the foregoing proceedings. [Emphasis added.]
Thus, the Domestic Relations Section has exclusive jurisdiction over cases involving support of children.
In a separate Chapter of the Revised Statutes the legislature provided for establishment of a Juvenile Court. LSA-R.S. 13:1566. Jurisdiction for that court is in LSA-R.S. 13:1570:
Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
(1) Whose parent or other person legally responsible for the care and support of such child neglects or refuses, when able to do so, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his well-being; .... [Emphasis added.]
The apparent conflict by the legislature’s grant of exclusive jurisdiction of nonsupport cases to two separate courts can be resolved by an examination of our jurisprudence. Case law shows that the exclusive jurisdiction of Juvenile Court is invoked in cases of nonsupport based on criminal or quasi-criminal neglect of the child, as opposed to purely civil nonsupport.
Cases cited by Belfield involve child custody as opposed to support, but their rationale supports the above interpretation. In Lulich v. Lulich, 361 So.2d 451 (La.App. 4th Cir.1978), the district court denied both parents custodial care of their minor child and awarded custody to an institution. *1211 This Court held that the district court was without jurisdiction based on the finding that neglect of the child must have been the basis for the trial court’s decision:
To reach the result that he did the trial judge had to find that the daughter was either neglected or abused as defined by R.S. 13:1570(A)(1) or that she was technically delinquent ... under R.S. 13:1570(A)(3). However, neither of these determinations are within the province of the District Court for the Parish of Orleans but are vested exclusively in the juvenile court for said parish....
Id. at 453. [Emphasis added.]
In O’Brien v. Shepley, 451 So.2d 82 (La.App. 5th Cir.1984), the district court denied the paternal grandparents’ (who were the adoptive parents) rule to terminate visitation by the maternal grandparents of the minor child whose parents were deceased. The Fifth Circuit held that the district court had jurisdiction to make such a determination, reasoning:
[I]n cases involving questions of neglect, especially where the state is a party to an action, juvenile courts have exclusive jurisdiction. From our review of Louisiana caselaw, it appears that in other cases pertaining to custody and issues incidental to the custody of a child, district courts and juvenile courts have concurrent jurisdiction.
Id. at 84. See also Girouard v. Halpin, 368 So.2d 1139 (La.App. 3rd Cir.), writ denied 369 So.2d 1377 (La.1979).
In Vosbein v. Vosbein, 506 So.2d 215, 216 (La.App. 5th Cir.1987), the Court discussed the jurisdiction of district court as opposed to juvenile court in support matters:
There is no concurrent jurisdiction as between a criminal court in a charge against the father for non-support of his children, and the civil district court in a proceeding for divorce in which a judgment is rendered awarding child support. The two jurisdictions are independent of each other. One jurisdiction is civil and adjudicates the rights of the two parties vis-a-vis one another. The other is quasi-criminal and adjudicates the interest of the state as it protects the rights of a parent and child.... The child support awarded incidental to the divorce is based upon the father’s civil obligation ... to support his children. The criminal complaint for non-support is based upon the father's violation of LSA-R.S. 14:74, the quasi-criminal statute.
Id. at 216, quoting Collette v. Olivier, 309 So.2d 894 (La.App. 3rd Cir.), writ denied 313 So.2d 827 (La.1975). [Citations omitted.]
In the instant case, Belfield has not shown that the nonsupport proceedings were instituted or determined on the basis of criminal neglect of family. The trial court’s judgment and reasons on the exceptions were not provided by Belfield. However, unlike Lulich, the trial court need not have found neglect or abuse to find that relator was in arrears and not fulfilling his support obligation. Moreover, while the state is a party to the proceeding, it appears that the state became involved when the mother requested Aid to Families with Dependent Children. (See Memorandum in Opposition to Exceptions.) Thus, Belfield has not shown that jurisdiction rests exclusively with Juvenile Court.
The judgment of the district court is affirmed.