41 So.2d 215

**STATE v. GALJOUR.**

No. 39356.

May 31, 1949.

J. J. Jackson, New Orleans, for relator.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Herve Racivitch, Dist. Atty., Alexander E. Ralston, Jr., and Geo. McCulloch, Asst. Dist. Attys., and David MacHauer, New Orleans, for respondent.

HAWTHORNE, Justice.

On September 22, 1947, an assistant district attorney for the Parish of Orleans filed a bill of information in the juvenile court of that parish, charging relator, Edgar Galjour (an adult), with desertion and intentional non-support of his two minor children, Wayne and Edgar Galjour, aged four and three years, respectively, who were in destitute circumstances. To this charge the defendant entered a plea of not guilty, but after trial, which was held on October 20, 1947, he was adjudged by the juvenile judge to be guilty and ordered to pay $20 semi-monthly for the support of his two children, and, according to the return of the trial judge, was released on his own recognizance as he was unable to furnish bond for these payments.

Approximately a year and four months later, a rule was filed in these proceedings to increase the semi-monthly payments of $20. In answer to this rule the defendant appeared and filed an exception to the jurisdiction of the juvenile court, which was overruled. Upon his informing the juvenile court of his intention to apply for writs, that court continued indefinitely the rule to increase these payments. He then applied to this court for a writ of prohibition, and this court issued a stay order pending a review of the proceedings.

On October 24, 1946, relator herein and his wife, Mrs. Velma Mae Lozier Galjour, were divorced by judgment of the Civil District Court for the Parish of Orleans, and this judgment awarded the custody of the two children, Wayne and Edgar, to the wife and reserved her right to claim alimony for these children.

On April 11, 1947, five months prior to the filing of the bill of information against relator herein in the juvenile court, the civil district court, on a rule to fix the alimony filed in the divorce proceedings, ordered relator herein to pay to his divorced wife $40 per month, payable semi-monthly, for the support of his two minor children.

In support of his plea to the jurisdiction of the juvenile court, relator filed the judgment of the district court fixing and ordering him to pay alimony to his wife for the support of his two minor children, and in brief filed in this court contends that under the facts as thus presented there is only one question to be considered, that is: Which of the two courts, the civil district court or the juvenile court, has jurisdiction to the exclusion of the other? Is the jurisdiction in the civil district court, which took jurisdiction in the divorce proceedings in which alimony was awarded on April 11, 1947, to the wife for the support of the two minor children, or is the jurisdiction in the juvenile court in which the relator herein was charged with desertion and intentional non-support of these children on September 22, 1947?

Relator takes the position that the jurisdiction is in the Civil District Court for the Parish of Orleans, and in support thereof relies on the well established principle of law that, where two courts have concurrent jurisdiction over the same subject matter, the court first obtaining jurisdiction and possession of the res retains it to the end of the controversy, to the exclusion of the other.

Article 74 of the Criminal Code, Act No. 43 of 1942, which defines and denounces the offense under which relator was charged and convicted in the juvenile court, provides as a penalty that anyone who shall be found guilty of such offense shall be fined not more then $500 or imprisoned for not more than one year, or both, etc. Article 75 of the Criminal Code provides that the court, in its discretion, after a conviction of such an offense, instead of imposing the punishment as above provided, or in addition thereto, has the power to issue an

order directing the defendant to pay a certain sum weekly, or at such periods as the court may direct, to the wife or to the tutor or custodian of the minor children, or to an organization or individual approved by the court as fiduciary for such children; *that this sum may be increased or decreased by the court from time to time as the circumstances may require,* and that the court has the authority to require the defendant to enter into a recognizance with or without surety, as the court shall direct or order, to insure the payment of the alimony.

Article 7, Section 96, of the Louisiana Constitution of 1921 provides for a juvenile court for the Parish of Orleans, which court "shall have jurisdiction * * * of all persons charged with contributing to the neglect or delinquency of children under seventeen years of age, or with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children not punishable by death or hard labor. *Said court shall also have jurisdiction of all cases of desertion or nonsupport of children by either parent * * *."* (Italics ours.)

Section 5 of Act No. 169 of 1944 provides that the Juvenile Court for the Parish of Orleans shall have exclusive original jurisdiction in any proceeding concerning any child residing in or found in the Parish of Orleans who is delinquent or neglected, and, further, that "The Court shall also

have jurisdiction in all cases of desertion or non-support of children by either or both parents * * *." Section 15 of this act provides that, in the case of an adult found guilty of desertion, non-support, or failure to provide subsistence or care for any child for whose maintenance or care such adult is legally responsible, the court may inquire into and determine the ability of such adult to provide for the maintenance or care of such child and shall determine the amount to be paid and shall direct when and how and where money for such maintenance or care shall be paid.

Under the provisions of the Constitution and the laws of this state set out above, there can be no doubt whatsoever that the Juvenile Court for the Parish of Orleans had jurisdiction of the offense charged against relator, and, after he was adjudged guilty, had full authority to order the *semi-monthly payments of $20.00 each for the care, support, and maintenance of the two minor children,* and, further, had jurisdiction of the proceeding brought to increase the award of the semi-monthly payments previously ordered. Moreover, the offense with which relator was charged is denounced and made a crime by the Criminal Code of this state, and, since relator was an adult charged in the juvenile court, the prosecution was instituted and conducted in the name of the State of Louisiana, as was proper under Section 14 of Act No. 169 of 1944. Since relator was charged with a crime, he was

entitled under the Constitution of this state, among other things, to a speedy trial, to the right to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and could not be compelled to give evidence against himself.

The divorce proceedings, in which a judgment of the civil district court was rendered fixing the alimony and ordering defendant therein to pay to his divorced wife $40 per month for the support of his two minor children, were clearly civil in their nature, and the order of court awarding such alimony was merely an incidental or ancillary proceeding flowing from the divorce action and was based purely on his civil obligation to support his children (Art. 227, La.Civ.Code); while the proceedings in the juvenile court were criminal in their nature, based on the failure or past omissions of the father to fulfill the obligation to support his children. In the civil district court the matter was between the husband and the wife, whereas in the juvenile court the State was prosecuting the father for an offense defined in the Criminal Code, and, in lieu of the imposition of fine or imprisonment as provided in Article 74 of that Code for one found guilty of non-support or desertion of his minor children in necessitous circumstances, the juvenile court in its discretion ordered the defendant to make payment for their care and support, under the provisions of Article 75 of the Criminal Code.

In the civil district court a defendant does not have all of the constitutional safeguards and rights afforded to an adult defendant in a criminal prosecution in the juvenile court. In the civil district court the matter is entirely civil in its nature, and in the juvenile court the matter is entirely criminal, and, this being true, there is no question of concurrent jurisdiction here involved. Certainly the relator could not be tried in the civil district court for the criminal offense of desertion and non-support of his children. Likewise, the juvenile court had no jurisdiction in the divorce proceedings in which alimony was awarded as incidental or ancillary thereto.

To sustain relator's contention would, in effect, suspend the articles of the Criminal Code denouncing as a crime the neglect of, and failure to support, one's children, as to a father who has been ordered to pay alimony for their support in a divorce proceeding.

In Brana v. Brana, 139 La. 305, 71 So. 519, 520, Mrs. Brana charged her husband on September 14, 1915, before the juvenile court of Orleans Parish with having failed to provide for the support of their minor child, and that court entered an order that he pay her $3 weekly for that purpose. On the same day the husband instituted suit for separation from bed and board in the Civil District Court for the Parish of Orleans. Two days thereafter, on September 16, the probation officer of the

Juvenile Court for the Parish of Orleans made an affidavit before that court setting forth, among other things, that the child was a neglected child, and the juvenile court entered an order of date September 27 temporarily placing the child in the custody of the mother. On September 17 the husband took a rule on his wife in the civil district court as an incident to the separation suit, to show cause why the custody of the child should not be given to him. Upon trial of the rule, the custody of the child was given to the mother. Thereafter, on February 15, 1916, the husband took another rule on his wife in the civil district court to show cause why the previous order awarding her custody of the child should not be set aside and the custody given to him. In her return to this rule the wife alleged that her custody of the child was by virtue of the judgment of the juvenile court dated September 27, 1915, and that, since the two courts (civil district court and juvenile court) had concurrent jurisdiction and the juvenile court had been first seized of the child, the judge of the civil district court was without authority to proceed further in the matter. After a hearing, the judge of the civil district court held that it was his court which had been first seized of the child by virtue of his order of September 21, 1915, and that the juvenile court had no jurisdiction over the child since the child was not a neglected child. He then revoked the previous order in which he had given the custody of the child to the mother, and gave the

custody to the father. The wife then applied to this court for writs of certiorari and prohibition to review the action of the respondent judge. This court issued a writ of prohibition as prayed for by relatrix, and in the course of its opinion said:

"Equally untenable is the other ground of the decision of the learned respondent judge—that his court was first seized of the child. In the first place, the order made by the juvenile court, on September 16th, placing the child in the custody of the mother, preceded by five days that made by the respondent judge on September 21st, placing the child in the custody of the mother. In the second place, the question cannot be made to depend upon precedence. The two courts have not concurrent jurisdiction. This has already been pointed out in the case of State v. McCloskey, 136 La. 739, 67 So. 813. The one jurisdiction is civil; it acts as between the parents. The other is quasi criminal; it acts as between the state and the parents, or as between the state and the child. After the respondent judge's court has awarded the child to the one parent, as being the one most worthy, or least unworthy, of the charge, there is nothing to prevent the juvenile court from finding that the child is being neglected, and therefore should be taken away from both parents, or from the parent who is neglecting it. And such a course would in no wise interfere with the jurisdiction of the court

having civil jurisdiction as between the two parents. In such a case, the action of the juvenile court would be based strictly on the ground of the child being neglected, and not, like that of the respondent judge, upon an issue between the two parents."

The Brana case was decided while the Constitution of 1913 was in effect, and in that Constitution the provisions for jurisdiction of the juvenile court in cases of neglected or delinquent children and cases dealing with desertion and non-support of children by either parent are similar to the provisions found in the Constitution of 1921. The 1913 Constitution provided that the juvenile courts of the state, including that of the Parish of Orleans, " * * * shall have jurisdiction * * * of the trial of all children under seventeen years of age who may be charged in said courts as neglected or delinquent children * * *. Said Court shall also have jurisdiction of all cases of desertion or non-support of children by either parent. * * * " Art. 118, sec. 3, La.Const. of 1913. It is true that in the Brana case the charge in the juvenile court was that of being a neglected child, while in the instant case the charge in the juvenile court is that of intentional desertion and intentional non-support of two children by their father. But, since in each instance the constitutional provisions with reference to jurisdiction are similar, as stated hereinabove, what was said in that case, quoted above, is applicable to this case.

The following statement made in the case of In Re Owen et al., 170 La. 255,. 127 So. 619, 622, is very pertinent here:

"The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile courts is well defined. These courts, in dealing with the welfare and interest of minors under a given age, are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue.

"But, where a child is neglected or delinquent, and where the parent contributes to, or is responsible for, such neglect or delinquency, then the state has the paramount right in the interest of the welfare of the child to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue.

"There is no force in the contention that this is not a proceeding by the state. It is true that the proceeding was initiated by the affidavit of individuals, but the charge as stated is quasi criminal, and it was made on behalf and in the interest of the state in the proper exercise of its paramount right to determine the best

interest and welfare of the children in the manner provided by law."

In State v. McCloskey, 136 La. 739, 67 So. 813, 814, an affidavit was filed by the wife in the juvenile court, charging a child, born of her marriage to George T. McCloskey, with being a neglected or abandoned child. The husband took the position that the juvenile court did not have jurisdiction on several grounds, one being that there was pending in the civil district court a suit for separation from bed and board between him and his wife, and that the right to award the custody of the child belonged to the civil district court as an incident to the suit for separation from bed and board. In holding that this contention had no merit, this court said:

"The juvenile court and the court in which a suit in separation from bed and board is pending between the parents of a child may have simultaneous, though not concurrent, or conflicting, jurisdiction of the custody of the child; that of the juvenile court to be exercised as between the state, or, so to speak, the child, and the parents of the child; and that of the other court to be exercised as between the two parents. * * *"

■ It is true that in each of the cases cited hereinabove the child was charged in the juvenile court as being a neglected child, but each of these cases is authority for the proposition that there was no concurrent jurisdiction with the civil district court in which a proceeding for divorce or care or custody of the child had been filed or was pending. Likewise, in the instant case there is no concurrent jurisdiction as between the juvenile court in a criminal charge against an adult of nonsupport of his minor children and the civil district court in a proceeding for divorce or separation from bed and board in which a judgment awarding alimony is incidental thereto.

The fact that the relator had been ordered to pay alimony in the civil district court properly relates to the merits rather than to the question of jurisdiction, for in our opinion a showing by a defendant in the juvenile court that he was complying with such a judgment of the civil district court would be a matter of defense to a charge of non-support rather than a matter in support of an exception to the jurisdiction.

For the reasons assigned, the judgment of the Juvenile Court for the Parish of Orleans overruling the exception to the jurisdiction is affirmed.

O'NIELL, C. J., does not take part.