79 So.2d 737

STATE of Louisiana

v.

Luther M. ROBBINS.

No. 42052.

March 21, 1955.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., Waverly A. Henning, Asst. Dist. Atty., Gretna, H. Charles Korn, New Orleans, Attorney assisting the State, for appellant.

Jacob J. Amato, Gretna, for defendant-appellee.

FOURNET, Chief Justice.

The State of Louisiana is appealing from the judgment of the Juvenile Court, Parish of Jefferson, maintaining a plea to the jurisdiction and dismissing its prosecution of the defendant, Luther B. Robbins, on a bill of information charging Robbins with wilfully neglecting to provide for the support of his two minor sons, aged 12 years and 6 years, they being in necessitous circumstances, contrary to the form of the statute of this State, Criminal Code, Article 74: LSA-R.S. 14:74, defining criminal neglect of family and providing a penalty therefor.

The defendant's plea that the Court below was without jurisdiction in this cause was founded on his statement that a judgment had been rendered in Chancery Court, Harrison County, Mississippi, awarding alimony for the two minors, a certified copy of which was attached to and formed the basis of a suit then pending against him on the civil docket of the District Court, Parish of Jefferson—the said suit having been filed prior to the filing of the information in this case.

The identical issue posed here was fully considered and disposed of by this Court in the recent case of State v. Galjour, 215 La. 553, 41 So.2d 215, where it was pointed out that concurrent jurisdiction did not exist between the Juvenile Court in a criminal charge against the father for nonsupport of his minor children and the District Court in fixing alimony in a divorce proceeding for the support of the children—the former being criminal in nature, a prosecution for an offense defined and denounced in the Criminal Code, the latter being civil in character, based on the parent's obligation to support his children under Article 227 of the Louisiana Statutes Annotated—Revised Civil Code—it being the sense of the Court that a charge against the father in Juvenile Court of criminal neglect to support his children was not affected by the fact that he had been ordered to pay alimony in the Civil District Court, but that a showing of compliance with the District Court's order to pay alimony may be used as a defense to a charge of wilful nonsupport in Juvenile Court.

For the reasons assigned, the judgment appealed from is annulled and set aside;

the defendant's plea to the jurisdiction is overruled, and the case is remanded to the Juvenile Court, Parish of Jefferson, for further proceedings according to law.