309 So.2d 894 (1975)
Peter Marvin COLLETTE, Defendant-in-rule, Appellee,
v.
Laura Mae OLIVIER, Plaintiff-in-rule, Appellant.
No. 4927.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
Rehearing Denied April 15, 1975.
Writ Refused June 17, 1975.
*895 Haik & Broussard by Theodore M. Haik, Jr., New Iberia, for defendant-appellant.
L. Hallman Woods, New Iberia, for plaintiff-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Plaintiff in rule Laura Mae Olivier appeals the judgment dismissing her rule against defendant in rule Peter Marvin Collette, 1) to make executory past due child support payments, and 2) denying her claim for an increase in child support payments. We affirm the rejection of the increase in support, but reverse the refusal to make executory the accrued child support payments.
On October 23, 1969, a judgment of divorce was signed, ordering the father to pay to the mother $80 per month as child support for their two children. Payments were made through September, 1970, but none were made from October, 1970, to November, 1973.
On May 5, 1970, the mother filed criminal charges against the father for non-support. He pled guilty and was given a suspended six months sentence conditioned on his paying the mother $80 per month in child support. LSA-R.S. 14:74, 5.
The criminal proceeding came up again on November 9, 1970, when the court ordered *896 the mother to show cause why the payments should not be suspended because the father contended she was not allowing him to visit his children. When the mother failed to appear for the hearing (the sheriff's return indicated they could not find her for service of process), the judge suspended support payments until the mother appeared to show cause on the visitation issue. She testified that she never learned about this problem.
Pursuant to a non-support charge filed by the mother, the Jeanerette City Court ordered the father to pay $50 a month child support effective November 11, 1973, and this amount was being paid at the time of trial.
On August 26, 1974, the mother filed this rule (the subject of this appeal) seeking 1) to make executory past due support payments which accrued under the October 23, 1969 judgment, and 2) an increase in child support payments alleging a change in circumstances since the 1969 judgment. The mother appealed the dismissal of both claims.
Equity will not nullify or reduce accumulated alimony or child support which is a vested property right, until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. LSA-C.C.P. art. 3945; Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Mertens v. Mertens, 308 So.2d 506 (La.App. 3 Cir. 1975); Simon v. Calvert, 289 So.2d 567 (La.App. 3 Cir. 1974).
Since the civil judgment has not been amended, we do not reach the issue of whether a criminal court has jurisdiction to suspend child support payments when the mother refuses to allow reasonable visitation rights to the father.
There is no concurrent jurisdiction as between a criminal court in a charge against the father for non-support of his children, and the civil district court in a proceeding for divorce in which a judgment is rendered awarding child support. The two jurisdictions are independent of each other. One jurisdiction is civil and adjudicates the rights of the two parties vis-a-vis one another. The other is quasi-criminal and adjudicates the interest of the state as it protects the rights of a parent and child. State v. Galjour, 215 La. 553, 41 So.2d 215 (1949). The child support awarded incidential to the divorce is based upon the father's civil obligation (LSA-R.C.C. art. 227) to support his children. The criminal complaint for non-support is based upon the father's violation of LSA-R.S. 14:74, the quasi-criminal statute. State v. Galjour, supra; State v. Robbins, 227 La. 454, 79 So.2d 737 (1955).
The order rendered during the course of the criminal proceeding which suspended the payments ordered pursuant to LSA-R.S. 14:75, did not supersede or vacate the civil judgment awarding child support. Likewise the judgment of the Jeanerette City Court did not supercede the civil district court judgment. To change the civil judgment awarding $80 a month child support, the father was required to file a rule seeking modification of the decree based upon a change of circumstances. Simon v. Calvert, supra. Having failed to do so, he is liable for past due support payments.
Compliance with a civil court judgment ordering payment of child support is a matter of defense to a criminal charge of non-support pursuant to LSA-R.S. 14:75. State v. Robbins, supra; State v. Galjour, supra. Therefore, the father is allowed credit on his civil obligation for child support payments made in compliance with the criminal court order.
Defendant contends in his brief that some of the accrued child support payments have prescribed, but he did not raise *897 this defense in the trial court and did not file an exception of prescription in this court until three days after his oral argument. We do not consider the prescription issue when it is presented for the first time by a formal plea of prescription filed after oral argument. LSA-C.C.P. art. 2163; Tarver v. Columbia Gulf Transmission Company, 205 So.2d 764 (La.App. 3 Cir. 1967).
As past due child support through August 26, 1974, the mother is awarded thirty-eight hundred and forty ($3,840) dollars, less a credit of five hundred fifty ($550) dollars which was paid in compliance with the Jeanerette City Court judgment.
The final issue concerns the trial court's refusal to increase the award for child support payments. Courts will modify an award for child support where there is a demonstrated change in circumstances. Bell v. Bell, 269 So.2d 270 (La.App. 3 Cir. 1972). Judgments of the trial court denying an increase in child support will not be disturbed absent a showing of abuse of discretion. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Bell v. Bell, supra.
The testimony taken at the trial of the rule was not preserved and the stipulated facts do not disclose an abuse of the trial court's much discretion in refusing to increase child support payments.
We affirm the trial court's rejection of the claim for an increase in child support payments. The judgment rejecting the claim for past due support payment is reversed and set aside. It is hereby ordered, adjudged, and decreed that Mrs. Laura Mae Oliver have judgment against Peter Marvin Collette in the sum of $3,290.00. All costs of the trial and appeal are assessed to Peter Marvin Collette.
Affirmed in part; in part, reversed and rendered.