COVINGTON, Judge:
This is an appeal from a judgment on a rule to fix accrued and past due alimony and from a judgment awarding alimony pendente lite in a reduced amount. We affirm in part and reverse in part.
Mrs. Dorothy C. Smith, appellee, was legally separated from her husband, Woodrow W. Smith, appellant, by judgment signed on July 31, 1975, which also ordered the husband to pay his wife alimony pen-dente lite in the amount of $497.12 per month. Appellant made only one payment, then failed to make further payments. Thereafter, on January 14, 1976, appellee brought a rule for judgment for the past due alimony and to increase the alimony pendente lite, alleging that the original award was insufficient because of increased expenses. Appellant answered the rule and sought by reconventional demand to be relieved of payment of alimony because of a change in business income. The trial court dismissed the reconventional demand without prejudice and allowed the appellant to file an appropriate rule. Appellant then brought a rule to be relieved from payment of alimony pendente lite or to have the amount of alimony reduced.
After a hearing, the trial court rendered judgment in favor of appellee, making the rule absolute to the extent that the accrued and past due alimony was fixed in the amount of $2,485.60 as of January 14, 1976. Judgment was signed on February 17, 1976. On the same date, the trial court signed judgment reducing the amount of alimony pendente lite to $350.00 per month. The husband has appealed both judgments.
We note that the parties were before this court earlier this year. On April 12, 1976, we reversed the award of $497.12 alimony pendente lite. This was done on a finding that the aforesaid amount was sufficient for her maintenance, but that she had sufficient income therefor because she was receiving all proceeds from a liquor store owned by the community of acquets and gains existing between them, one-half of said proceeds exceeding the $497.12 per *1299 month. This case is reported in 331 So.2d 611; writs were refused by our Supreme Court on July 2, 1976, 334 So.2d 435. Therefore, as to the $2,485.60 alleged accrued past due alimony, that matter is moot and we must reverse the trial court as to that portion of its judgment.
The trial court heard the evidence and concluded that the circumstances of the husband had changed inasmuch as business income was no longer available to him, so that his present income amounted to about $900.00 monthly. The wife’s expenses approximated $600.00 per month. She is not employed. Under the circumstances, the court considered that the alimony pendente lite should be reduced to the sum of $350.00 per month, payable in semi-monthly installments of $175.00 each on the first and fifteenth day of each month.
Under LSA-C.C. art. 148, if the wife does not have a sufficient income for her maintenance pending the suit for separation from bed and board or divorce, the court shall allow her a sum for her support proportioned to her needs and to the means of the husband. The wife is entitled to a sum sufficient to support her in a standard of living comparable to that which she enjoyed before the separation. The award must, however, be proportionate to the ability of the husband to pay.
An award of alimony pendente lite is largely within the discretion of the trial court, and in the absence of manifest error it will not be disturbed on appeal. Robichaux v. Robichaux, 276 So.2d 332 (La.App. 4 Cir. 1973); Gardes v. Gardes, 249 So.2d 221 (La.App. 4 Cir. 1971); Fuori v. Fuori, 316 So.2d 803 (La.App. 1 Cir. 1975).
We conclude that the trial court exercised his discretion fairly and without abuse in fixing the alimony in a reduced amount.
Accordingly, that portion of the judgment awarding the appellee $2,485.60 is reversed. The award of $350.00 per month alimony pendente lite is affirmed. Each party is assessed with one-half of the costs.
AFFIRMED IN PART; REVERSED IN PART.