393 So.2d 408 (1980)
Sandra Hughes DEATON
v.
Ronald L. DEATON.
No. 13860.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
*409 Fred L. Herman, New Orleans, for plaintiff-appellant.
Richard J. Meunier, New Orleans, for defendant-appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from a judgment reducing alimony pendente lite and child support from $2,500.00 to $100.00 per month.
The issues are: sufficiency of change in defendant's circumstances to warrant a reduction and admissibility of proof of plaintiff's needs.
We affirm.
A year and a half after separation and an award of $2,500.00 per month alimony pendente lite and child support, and after filing a petition for personal bankruptcy, defendant filed a rule to reduce alimony and child support to $100.00 a month.
Defendant testified that the corporation of which he had been president had failed and was also in bankruptcy proceedings; that he was presently unemployed but was looking for work; that he had no assets other than $1,500.00 in jewelry and had received no income for three weeks; that he had liabilities of $997,443.53. The trial court granted the reduction but specifically reserved plaintiff's right to petition for an increase should defendant's financial situation so warrant.
Plaintiff contends the court had insufficient proof to warrant a reduction of alimony and child support. However, the court must accept as true the husband's testimony regarding his income and expenses when the statements are uncontroverted. Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972). We find no error in the court accepting defendant's testimony as true.
Plaintiff cites the case of Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir. 1975) in support of her contention that a husband must be absolutely unemployable, not merely unemployed, to excuse himself from the obligation to provide minimal financial assistance to his family. We find that case inapplicable because it involved an effort to avoid paying his family anything by refusing gainful employment.
We find the reduction, though severe, warranted by the husband's loss of income and assets. LSA-C.C. Art. 148; Smith v. Smith, 339 So.2d 1298 (La.App. 1st Cir. 1976).
Plaintiff complains the court erred in not admitting evidence of her needs. However, her needs were not at issue as they had not been challenged. We find no error in the court's rejecting testimony as to plaintiff's needs.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.