WATKINS, Judge.
This is an appeal from a judgment dismissing a rule brought by Julie Baker Chappetta against her husband, Lloyd N. Chappetta, from whom she was judicially separated, for an increase in the amount of child support for their two minor children from $40.00 per week to $80.00 per week, and to obtain judgment for child support in arrears in the sum of $500.00 based on $60.00 per week from February 13, 1976, until that amount was reduced to $40.00 per week by amended judgment which petitioner in rule refers to as being dated February 3, 1978, and thereafter in that sum, and to have the husband punished for contempt of court for failure to pay child support. The amended judgment of February 3, 1978, is not in the record, and the most recent judgment fixing the amount of child support per week is a judgment dated March 8, 1976, fixing child support at $60.00 per week. The wife has appealed dismissal of her rule. We reverse and remand.
The only witness called to testify on trial on the rule was Mrs. Chappetta, whose testimony was cut short when she testified that Judge Greene of the juvenile court had ordered her husband to pay $40.00 per week in criminal nonsupport proceedings. The trial court in oral reasons held that the judgment of the juvenile court in criminal nonsupport proceedings was controlling, and rendered written judgment dismissing the rule. The law, we find, is to the contrary. A court in criminal nonsupport proceedings is without jurisdiction to reduce a judgment for child support rendered in civil proceedings. Collette v. Olivier, 309 So.2d 894 (La. App. 3d Cir. 1975), writ refused 313 So.2d 827 (1975). The proper remedy of the husband or wife against whom a judgment for child support has been rendered is to file a rule for reduction of the amount of child support. Accordingly, we hold the trial court in the present proceedings improperly held the amount the husband was ordered to pay in criminal nonsupport proceedings to be binding and amendatory of the civil child support judgment.
*341 The wife in her brief testimony (which was, as we said, cut short) alluded to a judgment of divorce. No judgment of divorce or petition or other pleading leading to the obtaining of a divorce is in the record. We have insufficient evidence upon which to render judgment, and it does not appear from the record that this case was ever properly submitted.
We, therefore, reverse the judgment of the trial court, and remand the case to the trial court with instructions to treat the judgment of the juvenile court with respect to child support for the minor children of Julie Baker Chappetta and Lloyd N. Chap-petta as irrelevant to the present proceeding.
REVERSED AND REMANDED.