CRAIN, Judge.
This is an appeal from a judgment of the East Baton Rouge Family Court which dismissed Henry H. Warthen’s, III (appellant) rule to reduce child support payments.
Eva Zumo Warthen (appellee) and appellant obtained a judgment of divorce on April 6, 1979 in the Family Court for the Parish of East Baton Rouge. Pursuant to that judgment, appellee was awarded custody of the minor child and appellant was ordered to pay $450.00 per month as child support. The judgment was taken by default and the record does not reflect the basis for the award.
In September of 1983, appellant filed a rule to reduce child support and to establish specific visitation rights. The petition for specific visitation rights was dismissed by the parties leaving only the issue of a reduction in child support.
Appellant alleged a change in circumstances in that; he has remarried and now has two additional children, he is presently unemployed and has experienced substantial unemployment for the eight months prior to the hearing, his present wife is not employed and his parents have been helping him pay the child support payments for the last year. Appellant further alleged that appellee voluntarily quit her job three months prior to the hearing and that her present husband’s gross income is approximately $3,000 per month.
On October 27, 1983, the Family Court judge signed a judgment which reduced the child support payments from $450.00 per month to $400.00 per month for a six month period based upon appellee's admission at the hearing that she agreed to that reduction. It is from this judgment that appellant appeals alleging only one assignment of error. Specifically, appellant alleges the Family Court erred in not finding a change in circumstances and reducing the child support payments accordingly.
To modify a judgment or a consent decree awarding alimony and child support, the party seeking to modify the award bears the burden of showing that there has been a substantial change in circumstances of one, or both, of the spouses. La.C.C. arts. 160, 227 and 231; Ducote v. Ducote, 339 So.2d 835 (La.1976); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982). A parent and spouse will not be relieved of the obligation to support their children and pay alimony because of an unstable financial condition which is self-imposed. Ledet v. Ledet, 416 So.2d 1309 (La.App. 1st Cir.1982). The trial judge is given great discretion in either granting or modifying awards of alimony and child support and the judgment will not be set aside or amended unless a clear abuse of that discretion is shown. Guatreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir.1980).
The sole issue that we must decide here is whether the Family Court abused its discretion in finding that appellant failed to prove a substantial change in circumstances.
There is no evidence in the record as to appellant’s financial condition in 1979 when child support was set. However, appellant’s tax returns indicate his total income was $31,279.00 in 1981 and $26,002.00 in 1982. Appellant testified that his income was reduced drastically from January, 1983, through August of the same year. He stated that he earned $5,212.00 during that period averaging $651.54 per month. Appellant further testified that he is presently unemployed and is to begin receiving $181.00 per week unemployment compensation.
On the other hand, appellee admitted to being remarried approximately three months prior to trial of the rule to reduce. Her present husband grosses $3000 per month. She voluntarily terminated her *1009 own employment when she remarried, has no children. He
Our review of the record, convinces us that appellant produced sufficient evidence to establish a change in circumstances. Assuming appellant receives $724.00 per month unemployment compensation, he will still be unable to satisfy both his $400.00 per month child support obligation and his obligation to support his present family. Although we do agree with the trial court’s position that appellant’s remarriage is a voluntary increase of his living expenses, we do not feel that appellant’s inability to find work is a voluntary decrease in his income. Accordingly, we are of the opinion that the Family Court abused its discretion when it failed to find that appellant had established a change in circumstances sufficient to warrant a reduction in child support over and above that agreed to by appellee.
For the foregoing reasons, the judgment of the Family Court is reversed. Appellant is hereby ordered to pay to appellee the sum of $225 per month for child support. All costs of this appeal are assessed to appellee.
REVERSED AND RENDERED.