PRICE, Judge.
Defendant, Henry Davis, Sr., appeals the judgment of the trial court in favor of plaintiff, State of Louisiana, ordering reimbursement to the state for an Aid to Families with Dependent Children grant and ordering child support.
The record established that Henry Davis, Sr. and his wife, Laura Davis, had been living separate and apart from approximately July, 1982. Mrs. Davis retained physical custody of three of the children, Sandra, Jacqueline, and Shirley. Defendant and Laura Davis are the natural parents of these children, who were born during the marriage. It appears from the evidence that the parties never obtained a judicial separation or divorce nor was there any court order of child support.
In August 1982, Laura Davis began to receive Aid to Families with Dependent Children. The amount of the benefits was reduced accordingly when Sandra Davis reached the age of majority.
On January 13, 1984, the state filed the instant action under LSA-R.S. 46:236.1 on behalf of the minor children seeking reimbursement for aid paid from August, 1982 through and including December, 1983 in *837 the amount of $3,326.00 and for child support beginning in January, 1984.
At the trial on the matter, Alyce Roper, Child Support Enforcement Officer, testified that the defendant was interviewed by another officer, Larry Brock, in October, 1982. However, it appears that no action was taken on the matter until Roper “picked up on” the case in November, 1983.
The court ordered the defendant to pay the unreimbursed grant and to pay regular child support at the rate of $100.00 per month beginning July 1, 1984 until the grant was paid in full and then at a reduced rate of $86.00 per month thereafter. The judgment provided that the order would remain in force until the youngest child of the defendant reached the age of majority, expired or was emancipated and all arrearages, if any, had been liquidated.
On appeal, the primary issue before this court is whether defendant can be ordered to reimburse an AFDC grant without a previous court adjudication establishing a set amount of child support. After a review of the facts of this case and pertinent law, we conclude the trial court erred in awarding payment of the grant to the state.
LSA-C.C. Art. 227 provides that “(f)athers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.” While this obligation of support is clear, it is implicit in the law of this state that the party owing the obligation is entitled to a judicial determination as to the degree or amount of support which is due and such support is payable only from the date of judicial demand.
It is well-settled that the amount of child support is based on the needs of the minor children and the ability of the spouse to pay. See Litton v. Lewis, 409 So.2d 1254 (La.App.2d Cir.1982), Richardson v. Richardson, 428 So.2d 1326 (La.App.3d Cir.1983) and State Through H. & H. Resources Admin. v. Essex, 427 So.2d 71 (La.App. 4th Cir.1983) and numerous citations therein. With the exception of consent of the parties, a hearing would be necessary to consider evidence on the above factors so as to ascertain the proper amount of child support in each particular case. In City and County of San Francisco v. Juergens, 425 So.2d 992 (La.App.5th Cir.1983) and citations therein, the court noted that Louisiana law mandated that child support awards are subject to a hearing on proof of the children’s needs and of the ability of a non-custodial spouse to pay.
The state in the instant action proceeded under LSA-R.S. 46:236.1 which provides as follows:
E. By accepting AFDC for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving AFDC which has accrued at the time of the certification for AFDC and which accrues during the time AFDC is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate process any outstanding debt thus created....
F. The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, separation proceedings, or divorce proceedings, take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent juris *838 diction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which an AFDC grant has been made for or on behalf of a child or children or in any case in which the department has agreed to provide services for a non-AFDC application. The amount of such support shall be set only by order of the court or by the consent of the parties. (Emphasis Added)
A reading of the above sections clearly indicates that a court hearing is necessary under the statute in order to set the amount of child support in the absence of consent of the parties.
In the instant case, defendant had not consented to nor was there any court adjudication establishing an amount of child support. By ordering the payment of the grant, the court was in fact depriving the defendant of his right to have the amount of support set in accordance with his circumstances and the needs of the children. In other words, the state essentially would be allowed to unilaterally and arbitrarily decide upon an amount of support owed by defendant and enforce it without any consideration as to the defendant’s circumstances and financial ability. Further, it would in effect constitute the collection of child support payments retroactively prior to the date of judicial demand.
LSA-R.S. 46:236.1(E) provides that Laura Davis assigned the family’s rights to defendant’s support obligation to the state by accepting AFDC benefits. However, this assignment would not act to confer upon the state greater rights than Mrs. Davis would have herself in an action for child support. In her own action, Mrs. Davis would not be allowed to collect child support payments in an amount set by her or the court prior to the date of judicial demand. Thus, the state would be precluded from doing so in an action under LSA-R.S. 46:236.1. However, in the instant case the effect of the trial court judgment actually permits the state to enforce payments prior to the date of judicial demand.
In a similar case, State v. Watson, 403 So.2d 1249 (La.App.2d Cir.1981), the state proceeded under LSA-R.S. 46:236.1 to collect AFDC benefits. However, the defendant-father had not been adjudicated to be the father of the children nor was there any court order establishing the amount of the defendant’s support obligations. This court examined cases wherein it was held that alimony and paternity/support payments for illegitimate children were due and payable from the date of judicial demand and found that it was self-evident that the defendant should not be held responsible for AFDC payments before he was ever adjudicated as the father of the children and before any court order had been rendered establishing the amount of his support obligations. Further, this court noted that the provisions of the statute which provides for the mother’s assignment of rights to claim support by virtue of accepting AFDC payments clearly seemed to contemplate that such assignment shall be applicable only to earlier court ordered child support payments.
The fact that there is no question of paternity in the instant case would not act to alter the finding that a court order of support is necessary so as to fully protect the rights of the defendant.
Defendant argues that the judgment of the trial court providing for an in globo child support award should be amended so as to have an award made separately to each child which would expire upon the child reaching the age of majority.
Although the judgment is not specific, it appears that the defendant was to make payments on the grant at a rate of $100.00 per month until it was paid in full and that regular child support was set at a rate of $86.00 per month.
It is well-settled that the trial court has much discretion in fixing an award of child support and such award will not be disturbed absent a clear abuse of discretion. Updegraff v. Updegraff, 421 So.2d 1165 (La.App.2d Cir.1982).
*839 The trial court, after examining the evidence as to the needs of the children and defendant’s financial means, determined that $86.00 per month would be an appropriate award. It does not necessarily follow that the court calculated this award as evenly divided expenses between the two children. Rather, it appears that the court arrived at a total figure which reflected the combined needs of the children. In other words, the award fixed by the trial court is not definitely grounded upon a finding that the needs of each child are $43.00 per month and the award made by the court is not a clear abuse of discretion.
For these reasons, the judgment of the trial court is reversed in part insofar as it orders defendant, Henry Davis, Sr., to reimburse to the State of Louisiana the amount of the AFDC grant accrued prior to the filing of this action. The judgment ordering payment of child support in the sum of $86.00 is affirmed. Costs of the proceedings below are assessed to defendant and the costs of this appeal are assessed to the plaintiff insofar as costs may be taxed against the State of Louisiana.
REVERSED IN PART, AFFIRMED IN PART.