506 So.2d 215 (1987)
Bernadette Bairnsfather VOSBEIN
v.
Merlin John VOSBEIN.
No. 86 CA 687.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
Salvador E. Gutierrez, Jr., Mary Ann Hand, Gutierrez and Hand, New Orleans, for defendant/appellant.
Phillip E. O'Neill, Gretna, for plaintiff/appellee.
Before CHEHARDY, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
This is a controversy over child support in connection with a petition for divorce. The husband appeals judgment awarding child support.
Bernadette Vosbein and Merlin Vosbein were married in 1981 and separated in January, 1985. Two children were born of the marriage, who at time of trial were ages four years and twenty-two months. In September, 1985 the husband was ordered by the Orleans Parish Juvenile Court to *216 pay support of $15.00 per week as a result of an action brought by the wife under the Criminal Neglect of Family statute. On April 22, 1986, Mrs. Vosbein sued for divorce on grounds of living separate and apart one year, filing in the Twenty-Fourth Judicial District where she then resided. She sought $600 per month child support for which a rule was heard on July 9, 1986. Judgment was signed on July 23, 1986, overruling the defendant's exceptions of lack of jurisdiction and lis pendens and awarding custody of the children to the wife. The husband was ordered to pay $450 per month child support retroactive to May 1, 1986. This appeal followed.
The appellant raises three issues: whether the Twenty-Fourth Judicial District or Orleans Parish Juvenile Court had jurisdiction; whether the wife carried her burden of proof of the children's expenses and the husband's ability to pay; and whether the amount of the support award was an abuse of discretion.

Jurisdiction
The appellant's position is that Orleans Parish Juvenile Court had concurrent jurisdiction with the Twenty-Fourth Judicial District over the issue of child support; because Orleans obtained jurisdiction first it retained jurisdiction. As authority he cites State v. Marston, 67 So.2d 587 (La. 1953), and Trahant v. Ingram, 393 So.2d 901 (La.App. 4th Cir.1981); however, in both of those cases the contest was between two district courts, while the contest before us is between a district court and a juvenile court.
LSA-R.S. 14:74 provides a procedure for imposing criminal penalties against a parent for intentional nonsupport of a minor child. LSA-C.J.P. art. 16(A)(3) provides that a court exercising juvenile jurisdiction shall have original jurisdiction over cases of desertion, nonsupport, or criminal neglect of a child by a parent or spouse. Under R.S. 14:75 the court may issue a support order in lieu of criminal punishment but may punish the defendant by incarceration and a fine if he violates the court order. Where the defendant and district attorney stipulate to an order of support, the court may order support under R.S. 14:75 without instituting criminal proceedings. R.S. 14:75.2.
In the case of Collette v. Olivier, 309 So.2d 894 (La.App. 3rd Cir.1975), writ refused 313 So.2d 827 (La.1975), the court explained how the jurisdiction of the two courts differed in ruling on child support, as follows at 896:
There is no concurrent jurisdiction as between a criminal court in a charge against the father for non-support of his children, and the civil district court in a proceeding for divorce in which a judgment is rendered awarding child support. The two jurisdictions are independent of each other. One jurisdiction is civil and adjudicates the rights of the two parties vis-a-vis one another. The other is quasi-criminal and adjudicates the interest of the state as it protects the rights of a parent and child. State v. Galjour, 215 La. 553, 41 So.2d 215 (1949). The child support awarded incidental to the divorce is based upon the father's civil obligation (LSA-R.C.C. art. 227) to support his children. The criminal complaint for non-support is based upon the father's violation of LSA-R.S. 14:74, the quasi-criminal statute. State v. Galjour, supra; State v. Robbins, 227 La. 454, 79 So.2d 737 (1955).
The defendant in the case above was ordered to pay the arrearage due under the divorce judgment with a credit for the sum paid under the judgment of the city court (sitting in its capacity as a Juvenile court). As the jurisdictions are independent of each other, we hold that the trial judge was correct in ruling that the district court had jurisdiction to adjudicate the right of the custodial parent to child support after divorce.
Proof Of Need And Appellant's Ability To Pay; Excessiveness Of Award
Persons who marry bear a mutual obligation to support the children of the marriage. The amount of support is determined by the needs of the children and the circumstances of those who are obligated to pay it. LSA-C.C. arts. 227, 230, 231. *217 The burden of proof falls upon the parent seeking child support when the marriage has terminated. Martin v. Brasseaux, 422 So.2d 548 (La.App. 3rd Cir.1982).
The appellant opposes the list of expenses submitted by Mrs. Vosbein, complaining that she lumped together the amounts spent for herself and a child by a previous marriage with the amounts spent on the two young Vosbein children. She admitted on cross-examination that of the $254 food bill one-fourth was attributable to her friend and the remainder to herself and the three children. Of the $200 allotted to clothing she estimated $100 per month was actually spent on the two young children, including diapers for the younger child. Transportation expense of $60 per month was mostly for taking the older child to speech therapy twice a week. Her income was $502 per month from welfare and food stamps. While it is true that child support cannot be calculated by a strict mathematical formula, Mrs. Vosbein's expense sheet showing a total expense of $601 is incorrect and exaggerated. Fall v. Fontenot, 307 So.2d 779 (La.App. 3rd Cir.1975).
Mr. Vosbein testified that he is a machinist and at time of trial was receiving unemployment benefits of $72 per week or about $288 per month and has no other income. His total expenses were $332, including trailer payments of $152. He had been laid off because the company's work decreased and had received unemployment benefits for five or six weeks. He had also been unemployed for a period in 1985, then worked about six months and was laid off again. He testified that he had applied for employment at seven different places, unsuccessfully. As there is no evidence or rebutting testimony to indicate that Vosbein's unemployment is due to factors other than the weak economy or that he left his previous employment voluntarily, we are bound to accept his testimony as true. Deaton v. Deaton, 393 So.2d 408 (La.App. 1st Cir.1980).
To be relieved of the duty of child support, a parent must prove that he or she is not only unemployed but unemployable. Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3rd Cir.1984); Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3rd Cir.1984). In Romagosa v. Romagosa, 464 So.2d 1129 (La.App. 5th Cir.1985), this court held that a father who had exhausted his unemployment benefits and had made a showing of a thorough and conscientious job search should have a suspension of child support payments during his period of unemployment. The court affirmed the trial court's requirement that the father report his efforts to find employment on a monthly basis. As the award of $450 per month far exceeds the appellant's income of $288 per month, it is clearly excessive and is unsupported by the record. In other cases where the father was unemployed but receiving higher benefits than Vosbein, the courts drastically reduced child support. In Warthen v. Warthen, 464 So.2d 1007, writ denied 467 So.2d 540 (La.1985) an award of $400 per month was dropped to $225, while in Goins v. Goins, 437 So.2d 947 (La.App. 2nd Cir.1983) the cut was from $300 to $100 per month.
As noted above, Mrs. Vosbein's expense sheet was incorrect. When we prorate the listed expenses, including rent and utilities, to arrive at a realistic estimate of the amount attributable to the two Vosbein children, a figure of $350 appears to be a more accurate approximation than the $601 proposed by Mrs. Vosbein. As she has an income of $502, she must contribute to the children's support in addition to providing the daily care of them which a custodial parent bears.
For the reasons stated above, we revise the judgment appealed from as follows:
1) Child support for the two minor children is reduced to a total of $80 per month retroactive to May 1, 1986, subject to a credit for payments made under judgment of the Orleans Parish Juvenile Court after that date.
2) The arrearage as of July 23, 1986 is reduced from $900 to $150; arrearage from that date is to be calculated at $80 per month until paid.
*218 3) Current support is to be paid in the amount of $40 on the fifteenth day of the month and $40 on the last day of the month.
4) Arrearage is to be paid in the amount of $10 on the fifteenth day of the month and $10 on the last day of the month.
5) The appellant is to report his efforts to seek employment to the court on the last day of each month.
In all other respects the judgment appealed from is affirmed.
REVISED AND AS REVISED AFFIRMED.