CANNELLA, Judge.
Appellant, James Edward Stowe, appeals a judgment of the district court setting child support. We affirm.
Appellee, Cynthia DeWitt Stowe, and appellant were married on April 28, 1973 in Florida. They subsequently established their matrimonial domicile in Louisiana. They resided together until October, 1987, when they separated. On March 7, 1988 one child, James DeWitt Stowe, was born of the union. On November 16, 1989, ap-pellee filed suit for divorce, child custody and child support.
A hearing to set child support was held on October 24, 1990. Appellant was absent. Appellee testified that her gross monthly income was $5,833.00 and her husband’s was $4,100.00. A document was introduced to support the testimony regarding appellant’s gross income. Appel-lee also testified that she would maintain the child on her medical insurance.
The court will accept one party’s testimony as true, regarding income and expenses, when the statements are uncontroverted. Vosbein v. Vosbein, 506 So.2d 215 (La.App. 5th Cir.1987); Deaton v. Deaton, 393 So.2d 408 (La.App. 1st Cir.1980); Stransbury v. Stransbury, 258 So.2d 170 (La.App. 1st Cir.1972).
Judgment was prayed for and granted in the amount of $655.00 per month plus one-half the medical expenses not covered by insurance. Additionally, the court made an award for past due child support in the amount of $7,532.00, payable in monthly installments of $250.00, until paid in full. Judgment was rendered on October 24, 1991 and signed on December 8,1991. It is from this judgment that appellant appeals.
Appellant argues that the amount of child support is excessive and contrary to law in that it does not comply with the guidelines for the determination of child support. According to appellant’s calculations, he should pay only $432.96 per month.
In 1989, the Legislature enacted “Guidelines For Determination of Child Support”, designated as La.R.S. 9:315-315.-15. Under these the court is to follow a certain procedure and schedule to arrive at the child support obligation, unless to do so is contrary to the best interest of the child. When the guidelines are followed, the support judgment is presumed to be proper. La.R.S. 9:315.1.
Under the guidelines, the court must first combine the amounts of each parties’ adjusted gross income. Each party shall then determine by percentage his or her proportionate share of the combined amount. La.R.S. 9:315.2(C). The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14. Each party’s share of the obligation is determined by multiplying his or her percentage share of combined adjusted gross income times the child support obligation. La.R.S. 9:315.8(C).
In this case, the wife’s adjusted gross income of $5,833.00 must be added to *1393 the husband’s adjusted gross income of $4,100.00 to arrive at a combined adjusted income of $9,933.00. The wife’s proportionate share is 59% and the husband’s is 41%. The total basic support obligation is $1,056.00 and appellant’s proportionate share would be (.41 x $1,056.00) $432.96.
Appellant’s argument that the $655.00 award is excessive omitted consideration of certain sections of the act that require additions be made to the basic support obligation. The $432.96 figure only represents the basic child support obligation. Once the basic obligation is arrived'at, “the total child support obligation shall be determined” (emphasis provided). (La.R.S. 315.-2(E). As applicable to this case, the total obligation is determined by adding to the basic obligation a sum for “net child care costs,” La.R.S. 9:315.3, and a sum for “health insurance premiums”, La.R.S. 9:315.4. Other expenses to be added to the basic child support obligation are extraordinary medical expenses (La.R.S. 315.5), special or private school expenses and transportation expenses for visitation. (La.R.S. 9:315.6). These amounts should be proportioned between the parties.
Here, the trial court added the sum of $222.04 per month to the appellant’s basic obligation, to cover his proportionate share of child care and medical insurance expenses. The standard of review for child support determination is whether the trial judge abused his discretion. Gros v. Gros, 463 So.2d 37 (La.App. 5th Cir.1985), writs denied, 464 So.2d 303 (La.1985). We do not find it was an abuse of discretion to make this addition in accordance with the guidelines.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED