DOMENGEAUX, Chief Judge.
The issue presented in this domestic dispute is whether child support payments made pursuant to a criminal non-support sentence interrupt the five year liberative prescription on an action to make executory arrearages due under a civil judgment. The trial court answered this question in the affirmative, overruling the defendant’s exception of prescription. We affirm.
Allen and Mary Kathryn Laborde were divorced on March 21, 1981. The divorce judgment signed that day ordered Mr. La-borde to pay $200.00 a month in child support on behalf of the couple’s minor son, Garrett Patrick Laborde.
Mr. Laborde sporadically complied with this judgment through November of 1982. At that time, he stopped all child support payments. It is undisputed that no payments were made for the years 1983 and 1984.
In March of 1985, Mrs. Laborde pressed criminal non-support charges against Mr. Laborde, which resulted in Mr. Laborde being ordered to pay $150.00 per month to the child support enforcement authorities pursuant to La.R.S. 14:74 and 14:75. All payments made pursuant to the criminal judgment were subsequently received by Mrs. Laborde beginning in May of 1985.
In May of 1990, Mrs. Laborde filed a rule to make executory all sums past due under the 1981 civil judgment. At trial, the defendant’s counsel orally pled prescription as to any monies claimed prior to June 1, 1985. A written exception of prescription was filed after the matter was taken under advisement.
In written reasons, the trial court denied the exception of prescription, finding that there was never a five year lapse in payments. The trial court rendered judgment in favor of Mrs. Laborde for $9,500.00, which amount included arrearages due from November of 1982, subject to a credit for the payments made under the criminal court judgment.
*477 In Collette v. Olivier, 309 So.2d 894 (La.App. 3d Cir.1975), writ denied, 313 So.2d 827 (La.1975), this court explained the relationship between the civil and criminal courts in child support rulings:
There is no concurrent jurisdiction as between a criminal court in a charge against the father for non-support of his children, and the civil district court in a proceeding for divorce in which a judgment is rendered awarding child support. The two jurisdictions are independent of each other. One jurisdiction is civil and adjudicates the rights of the parties vis-a-vis one and other. The other is quasi-criminal and adjudicates the interest of the state as it protects the rights of a parent and child. State v. Galjour, 215 La. 553, 41 So.2d 215 (1949). The child support awarded incidental to the divorce is based upon the father’s civil obligation (LSA-R.C.C. art. 227) to support his children. The criminal complaint for nonsupport is based upon the father’s violation of LSA-R.S. 14:74, the quasi-criminal statute. State v. Galjour, supra; State v. Robbins, 227 La. 454, 79 So.2d 737 (1955).
309 So.2d at 896.
Although a civil or a criminal court may not modify or suspend a judgment rendered by the other, it has been held that compliance with a civil court judgment ordering payment of child support is a defense to a criminal charge of non-support. Conversely, the obligor is allowed a credit on his civil obligation for child support payments in compliance with a criminal court order. See Collette, Galjour and Robbins, supra.
The facts of Collette are very similar to those in the instant case. In Collette, the mother first obtained a civil judgment ordering the payment of child support, and upon the husband’s noncompliance, she sought relief in city court under La.R.S. 14:74. The father apparently fully complied with the criminal city court judgment, which fixed the support owed at a lower rate than that in the civil judgment. The mother subsequently filed a rule to make executory past due payments under the civil judgment. This court granted the relief requested, subject to a credit for the payments made under the criminal judgment. However, in Collette, we did not reach the issue of prescription because it was not timely pled.
La.C.C. art. 227 provides that fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. The party owing the child support obligation is entitled to a judicial determination as to the amount of support owed, and such support is payable only from the date of judicial demand. State v. Davis, 465 So.2d 835 (La.App. 2d Cir.1985). An action to make executory arrearages of spousal or child support is subject to a liberative prescription of five years. La. C.C. art. 3497.1. Under the jurisprudence, the claim for alimony or child support has not prescribed as long as there was never a five year lapse between payments. See Weatherspoon v. Weatherspoon, 433 So.2d 319 (La.App. 1st Cir.1983).
In the instant ease, the record reveals that there was never a five year lapse in child support payments. The criminal non-support judgment, which was rendered subsequent to the civil judgment and in a lesser amount, in no way altered the civil judgment of 1981, nor did the criminal judgment relieve Mr. Laborde of his obligation under the civil judgment. See, Col-lette, supra. The payments made by Mr. Laborde, although pursuant to the criminal judgment, were nonetheless paid in fulfillment of his obligation under La.C.C. art. 227. We therefore find the trial court correctly held that these payments interrupted prescription on Mrs. Laborde’s action to recover arrearages for any amount due under the civil judgment.
In her brief, Mrs. Laborde requests an increase in attorney’s fees for work performed on appeal. However, we cannot grant this relief because Mrs. Laborde failed to file an answer to the appeal. La. C.C.P. art. 2133; Hilbun v. Hilbun, 498 So.2d 1127 (La.App. 3d Cir.1986).
*478 For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant Allen P. Laborde.
AFFIRMED.