ItSULLIVAN, Judge.
Clyde Chaisson appeals a civil district court judgment of July 1995 increasing his child support obligation to $750 a month. The issues presented are (1) whether the trial court should have considered a juvenile nonsupport judgment of May 1995, and not a civil judgment of July 1989, as the “previous award” from which a change in circumstances must be shown, and (2) whether the trial court should have found that Clyde and his former spouse agreed in February of 1994 to child support in the amount of $400. For the following reasons, we affirm.
Facts
Clyde and Jennifer Chaisson separated in 1985, at which time Clyde was ordered to pay *1143 Jennifer $300 per month in support of their two children, Tawaski and Jeremy. The judgment of divorce, signed on February 19, 1987, continued this ^arrangement. Clyde soon fell in arrears, and in April of 1987, Jennifer obtained the first of several income assignments from the district court in Vermilion Parish exercising its juvenile jurisdiction in criminal nonsupport matters. Although the nonsupport proceedings are not in this record, the parties testified and are in agreement as to the various judgments rendered by that court. The income assignment provided that $100 each month would be deducted from Clyde’s paycheck.
In February of 1988, the parties returned to civil district court where Jennifer agreed to a reduction in child support from $300 to $200 per month, with $100 still covered by the income assignment and the other $100 to be paid directly to Jennifer. In March of 1988, the income assignment was amended to deduct the entire $200 from Clyde’s check.
In April of 1989, Jennifer obtained a civil judgment increasing child support to $250, with $200 still to be covered by the income assignment and $50 to be paid directly to Jennifer. The judgment also provided that Clyde pay an additional $25 per month towards his arrearages, which were later stipulated to be $6,000. In January of 1990, the income assignment was again amended to collect $150 toward the arrearages, resulting in a total of $400 being deducted from Clyde’s check.
By February of 1994, Clyde had fully paid his arrearages. At that time, Clyde agreed to increase child support to $400, so that the same amount would continue to be deducted from his pay. Clyde’s affidavit agreeing to this increase was filed in the nonsupport proceedings. In May of 1995, after a hearing, the nonsupport judgment was increased again, to $600.
In March of 1995, Clyde filed in civil court for a change of custody. Jennifer responded with a rule for contempt and for an increase in child support. The rules |gwere tried separately. On July 7, 1995, the court signed a judgment denying Clyde’s request for a change in custody; that ruling is not at issue in this appeal. After a hearing on July 5, 1995, the district court increased Jennifer’s child support to $750. Although Jennifer contended that she was entitled to $850 under the guidelines, the court awarded a lesser amount after finding that Jennifer occasionally received help with expenses from a live-in friend. The trial court further stated, “I don’t believe that there was any agreement on the part of Mrs. Chaisson to let that last appearance in Criminal Non-Support court, on the criminal side of the bench, be determinative of what she was to get on the civil side.”
Opinion
La.R.S. 9:311(A) provides:
A An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
Clyde first argues that the district court erred in increasing child support when the record failed to demonstrate a change in either party’s circumstances between the entry of the last nonsupport judgment and the filing of the instant rule. He contends that the “previous award” for determining a change in circumstances should be the most recent award, regardless of whether that judgment was rendered by the civil or juvenile jurisdiction in which the “modification” is sought. We disagree.
Louisiana jurisprudence has consistently held that a civil or a criminal court may not modify or suspend a judgment rendered by the other court. See Laborde v. Laborde, 599 So.2d 475 (La.App. 3 Cir.), writ denied, 604 So.2d 1307 (La.1992). In Collette v. Olivier, 309 So.2d 894, 896 (LaApp. 3 Cir.), writ denied, 313 So.2d 827 (La.1975) this court explained the relationship between civil and criminal courts in child support matters:
|/There is no concurrent jurisdiction as between a criminal court in a charge against the father for non-support of his children, and the civil district court in a proceeding for divorce in which a judgment is rendered awarding child support. *1144 The two jurisdictions are independent of each other. One jurisdiction is civil and adjudicates the rights of the two parties vis-a-vis one another. The other is quasi-criminal and adjudicates the interest of the state as it protects the rights of a parent and child. State v. Galjour, 215 La. 553, 41 So.2d 215 (1949).
The independent nature of the civil and juvenile jurisdictions long recognized by jurisprudence has been codified in La.Ch.Code art. 311, providing for juvenile jurisdiction over adults in certain support proceedings. Paragraph (B) of that article provides:
B. A support order rendered pursuant to an action brought under this Article shall not modify a prior judgment of a district court or be modified by a district court having appropriate jurisdiction over support. Upon proof thereof, amounts paid for a particular period pursuant to a support order rendered by either court shall be credited against the amounts accruing or accrued for the same period under any support order rendered by the other court.
The comments to that article state, “Paragraph B is new. It clarifies the independent nature of juvenile and civil court awards, allowing coexistent orders under which payment to one may serve as a setoff for the order.”
Since the enactment of La.Ch.Code art. 311(B), two courts have considered the issue that Clyde raises here. In Mitchell v. Mitchell, 610 So.2d 1114 (La.App. 5 Cir.1992), the court held that a mother seeking child support ancillary to divorce did not have to prove a change in circumstances from the time of an earlier juvenile court judgment of nonsupport. The court recognized that the mother was not seeking a “modification” of the juvenile court award, but rather an independent judgment of support from the civil court. In State in the Interest of P.M.I. v. Irion, 25,838 (La.App. 2 Cir. 1/19/94); 631 So.2d 28, the court relied on Mitchell to hold, conversely, that the state, seeking a judgment in juvenile court, did not have to allege a change in circumstances from the date of a previous district court award.
| r,Clyde contends that because he was no longer in arrears in February of 1994 and in May of 1995, the juvenile proceedings increasing child support on those dates became “quasi-civil” in nature. However, the nonsupport proceedings were between the state and Clyde. See Kibodeaux v. Kibodeaux, 93-1143 (La.App. 3 Cir. 4/6/94); 635 So.2d 530. The juvenile court was nonetheless adjudicating “the interest of the state as it protects the rights of a parent and child.” Collette, 309 So.2d at 894. One reason, we believe, for the continued recognition of the independence of the two jurisdictions is that the interests of the state are different from the interests of the parties vis-a-vis one another. The civil court in the instant rule did not err in looking to its prior judgment rather than the judgment of the juvenile court for a determination of whether a change in circumstances had occurred.
Clyde next argues that the trial court erred in failing to find that the parties perfected a verbal agreement to increase support to $400 in February of 1994 and in ordering another increase without proof of a change in circumstances since the time of that agreement.
Jennifer testified that enforcement services informed her that Clyde would have “to sign a paper” for them to continue deducting $400 per month from his cheek after his arrearages had been paid. She contacted Clyde, asking if he would continue paying the same amount without having to make a court appearance. Clyde agreed, and Jennifer presented him with an affidavit prepared by enforcement services. The affidavit stated that Clyde agreed “to continue paying the total sum of FOUR HUNDRED DOLLARS ($400.00) AND NO CENTS per month child support effective the first month following the date the current child support arrears is cleared....” Clyde signed the affidavit, and it was filed in the nonsupport ^proceedings. Clyde testified that Jennifer, and not the state, contacted him and made all arrangements, including the hiring of a notary to witness his signature.
Extra-judicial agreements to modify child support are enforceable if they can be proven and if they are not detrimental to the child. *1145 Dubroc v. Dubroc, 388 So.2d 377 (La.1980). Because it is reasonable to conclude that the parties took into account their respective circumstances at the time of the agreement, a party seeking a modification must prove a change in circumstances since the time of the agreement rather than the time of the initial award. Magown v. Magown, 599 So.2d 880 (La.App. 2 Cir.1992).
Upon review of the entirety of the record, we find no error in the trial court’s failure to find a verbal agreement that would affect the rights of the parties in civil court. The record reveals that the state, and not Jennifer, initiated the events in February of 1994. In procuring Clyde’s affidavit, Jennifer merely facilitated the state’s request that it continue its income assignment in the same amount that had been in effect since January of 1990. We find that the affidavit, which Jennifer did not sign, was executed solely because of the income assignment in the juvenile proceedings and had no effect on the parties’ rights in the subsequent civil proceedings.
For the above reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.