HIGHTOWER, Judge.
When, in December 1990, the Department of Social Services (DSS) filed a petition in First Judicial District Court to establish paternity and child support, the alleged biological father excepted, contending that LSA-C.J.P. Art. 16(A)(6)[1] granted exclusive jurisdiction to the Juvenile Court for Caddo Parish. From the sustaining of that declinatory .exception, DSS now appeals.
This precise issue is addressed in State, DSS v. Parker, 595 So.2d 815 (La.App.2d Cir.1992), rendered this date. For the identical reasons assigned therein, the decision of the district court in the instant case is reversed and remanded. Costs are assessed to appellee.
REVERSED AND REMANDED.

. All provisions of the Louisiana Code of Juvenile Procedure have been repealed, effective January 1, 1992; however, the subject matter of the indicated subsection now appears, otherwise unchanged, as LSA-Ch.C. Art. 311A(3).