606 So.2d 1353 (1992)
STATE of Louisiana, in the Interest of M.S.S., Minor Child of C.S., Plaintiff-Appellant,
v.
Merle Sylvester THOMAS, Sr., Defendant-Appellee.
No. 24179-JA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*1354 Paul J. Carmouche, Dist. Atty., Mary A. Brown and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for plaintiff-appellant.
Ronald Miciotto, Shreveport, for defendant-appellee.
Before MARVIN, HIGHTOWER and VICTORY, JJ.
MARVIN, Chief Judge.
Again addressing provisions of LRS Title 46 and the Children's Code as to who brings what action for child support where, we determine in this appeal by the State that the juvenile court of Caddo Parish has subject matter jurisdiction over an action for child support under LRS 46:236.1(F), brought by the district attorney on behalf of the State of Louisiana, Department of Social Services (DSS), on allegations that the defendant, Thomas, had acknowledged his paternity of the child for whom support was sought.
Thomas filed the exception of lack of subject matter jurisdiction, contending that the action could only be brought in the district court. The juvenile court sustained the exception and dismissed the action.
Reversing, we overrule the exception and remand. State Dept. of Social Services v. Parker, 595 So.2d 815 (La.App. 2d Cir. 1992); State Dept. of Social Services v. Jackson, 595 So.2d 820 (La.App. 2d Cir. 1992).

ANALYSIS
LRS 46:236.1(F) authorizes DSS to bring a civil action to establish paternity and to obtain child support in any case in which DSS is providing aid to families with dependent children (AFDC). The action may be brought on behalf of DSS by a staff attorney, the district attorney, or a contracting attorney. § 236.1(K)(3). The juvenile courts have exclusive original jurisdiction over "proceedings brought by the district attorney to establish or enforce support pursuant to the provisions of R.S. 46:236.2 or R.S. 46:236.1(F)." Ch.C. Art. 311(A)(3), formerly CJP Art. 16(A)(6). Our emphasis.
We recently interpreted these provisions in Parker, supra, where the action in the district court was brought by DSS, through its staff attorney, to establish paternity under § 236.1(F). Parker filed the exception of lack of subject matter jurisdiction, contending that the juvenile court had exclusive jurisdiction over the action. The district court sustained the exception. We reversed, finding that the legislature, in granting exclusive jurisdiction over DA-instituted actions to the juvenile court in Ch.C. Art. 311(A)(3),
drew a jurisdictional distinction between actions brought by the district attorney [on behalf of DSS] and actions brought by DSS [on its own behalf] pursuant to the provisions of R.S. 46:236.1(F). In the former, exclusive jurisdiction lies in juvenile court; in the latter, exclusive jurisdiction lies in the district court.
595 So.2d at 819-820.
Our brackets.
*1355 In the companion case of Jackson, supra, citing Parker, we found that the district court, rather than the juvenile court, had subject matter jurisdiction over an action brought by DSS, through its staff attorney, to establish paternity and child support under § 236.1(F).
The legislature clearly has determined subject matter jurisdiction by who brings the action on behalf of the State. This action for support under § 236.1(F) was brought by the district attorney on behalf of DSS in juvenile court. The juvenile court has exclusive subject matter jurisdiction. Ch.C. Art. 311(A)(3). Parker, Jackson, both cited supra.

DECREE
At the cost of appellee, we reverse and render judgment overruling the exception of lack of subject matter jurisdiction, remanding for further proceedings.
REVERSED, RENDERED AND REMANDED.