610 So.2d 1114 (1992)
Bertha Hensley MITCHELL
v.
Jacob MITCHELL.
No. 92-CA-498.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
*1115 Eric A. Bopp, Edward S. Bopp, Arabi, for defendant/appellant.
Before KLIEBERT, C.J., and WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Jacob Mitchell, appeals a judgment of the trial court which casts him in judgment for $1,040.00 per month in child support payments for his six children.
This action began on January 7, 1992 when plaintiff, Bertha Hensley Mitchell filed a petition for divorce. Ancillary to that proceeding was a rule to set alimony and child support. After a hearing on the merits in April, 1992, the trial court denied Mrs. Mitchell's request for alimony but rendered the judgment regarding child support which forms the basis of this appeal.
Both parties testified at the hearing. Mr. Mitchell introduced documentary evidence to show that his income was about $34,700 in 1989, and about $44,000 in 1991. He stated that he did not have a copy of his 1990 tax return and could not remember the exact amount of total earnings for that year, but indicated it was less than $44,000. He stated that he earned a base pay of $14.00 per hour on his job at Mercy Hospital. The remainder of his income was derived from over time and differential pay. He testified that the was currently paying $460.00 per month in child support in accordance with an Orleans Parish Juvenile Court judgment. Additionally, he provides medical insurance for his six children at a cost of $150.00 per month and has incurred a $3,000.00 medical bill for his son, Darryl.
Mrs. Mitchell testified that she is receiving $460.00 per month in child support from Mr. Mitchell, $327.00 per month in supplemental social security benefits for her daughter, Lisa, and $480.00 per month in food stamps. Mrs. Mitchell is currently unemployed, although she is trained as a medical transcriptionist. She is currently in nursing school. She attends classes from 5:30 to 9:00 p.m. two evenings a week and has incurred a debt of $8,000.00 through the student loan program. She testified that all of her children are over the age of five years.
Mr. Mitchell opposes the judgment of child support, arguing that the prior judgment rendered by the Orleans Parish Juvenile Court ordering him to pay $460.00 per month is still in effect and precludes Mrs. Mitchell from obtaining an increase in child support payments absent a showing of a change of circumstances. Alternatively, Mr. Mitchell argues that the judgment awarding $1,040.00 per month was incorrectly calculated by the trial court.
Mr. Mitchell's first argument is without merit. LSA-Ch.C. art. 311 B provides:
A support order rendered pursuant to an action brought under this Article shall not modify a prior judgment of a district court or be modified by a district court having appropriate jurisdiction over support. Upon proof thereof, amounts paid for a particular period pursuant to a support order rendered by either court shall be credited against the amounts accruing or accrued for the same period under any support order rendered by the other court.
*1116 It is clear from that article and the comments following that juvenile and civil awards of support are independent of each other and may coexist while payment to one is used as a setoff to the other. Because this judgment is an independent judgment, not a modification of the juvenile court judgment of support there is no requirement that Mrs. Mitchell show a change in circumstances from the time of the earlier judgment.
However, we do find merit in Mr. Mitchell's second argument regarding the calculation of the amount of the support payment. The transcript reveals that the trial court used the following calculations:
THE COURT:
I'm ready to rule. The Court, in reviewing the figures that were submitted into the evidence, finds that by the sentencing guidelines, Mr. Mitchell's support obligation for the six children is $1,570 per month. Mr. Mitchell is also paying the health insurance cost of $150 on the children. And that brings this child support under the guidelines to $1,290 per month, as I figured it, the bottom amount. Taking $1,290 per month, the Court's going to give him a credit of $150 for the health insurance. I'm also going to deviate and allow him a $100 per month credit on those extraordinary medical bills that he's paying for the sum of some $3,000, that the evidence reveals. That brings it to $1,040.00 per month. Now, there is in the situation, a payment by Mr. Mitchell of $460 per month of child support through a judgment from Juvenile Court. The Court's going to award child support in the amount of the $1,040, $460 of which is the Juvenile Court judgment leaving $580 additional to be paid by Mr. Mitchell per month. That's the award of the Court on child support. On alimony pendente lite; the evidence reveals that Mrs. Mitchell has an income of $480 in food stamps, the $327 the SSI. And she's been receiving the $460 from Juvenile Court. The Court is not going to award any alimony pendente lite in this matter. The judgment of child support is a $1,040 less the $460. I don't want to touch that because if he quits paying the $460 under that judgment he could be brought to Juvenile Court for violation of that order. So out of the $1,040, $460 is the Juvenile Court which adds $580. That's the judgment of the Court.
Guidelines for the determination of child support are embodied in LSA-R.S. 9:315 et seq. Specifically R.S. 9:315.2 sets forth the following requirements:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part.
Neither party in this case has provided the court with "a verified income statement showing gross income and adjusted gross income" as mandated by LSA-R.S. 9:315.2A. Mannina v. Mannina, 588 So.2d 176 *1117 (La.App. 5 Cir.1991). However, we do note that the record contains verified statements containing some information for the purposes of proceeding in forma pauperis in accordance with LSA-C.C.P. art. 5181. Mr. Mitchell provided the court with tax returns from the years 1989 and 1991. He testified that he did not have a copy of his 1990 return and could not recall his income for that year. Additionally, Mr. Mitchell provided the court with certain pay check stubs. There are some stubs from 1991 and some from 1992. However, because the dates are not legible on two of the stubs, it is impossible for this court to accurately ascertain Mr. Mitchell's monthly income for the first three months of 1992. Mrs. Mitchell introduced no documentary evidence as to her income into the record.
LSA-R.S. 9:315.9 provides:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed had no determination of the other party's earning income potential been made.
As previously stated, there is testimony in the record that Mrs. Mitchell is currently unemployed although trained as a medical transcriptionist. However, there is no determination by the trial court of whether her unemployment is voluntary. Such a determination is mandated by LSA-R.S. 9:315.9.
In its ruling, the trial court used a base figure for monthly support obligation of $1,570.00. It is unclear how that figure was obtained. Even assuming that Mr. Mitchell's adjusted gross income was as high as his highest reported annual gross income of $44,000 ($3,667.00 per month) and Mr. Mitchell was obliged to pay 100% of the obligation, his monthly obligation according to the guidelines in LSA-R.S. 9:315.14 for his six children would be approximately $1,390.00 per month.
Without the appropriate and required documentation from both parties and the evidence as to the voluntariness of the wife's unemployment, we are unable to properly calculate the support obligation and, therefore, remand the matter to the trial court for such a recalculation. Phillips v. Phillips, 595 So.2d 732 (La.App. 5 Cir.1992).
MATTER REMANDED.