631 So.2d 28 (1994)
STATE of Louisiana in the Interest of P.M.I. and H.L.I., Minor Children of Rebecca H. Irion, Plaintiff-Appellant,
v.
Scott Bennett IRION, Defendant-Appellee.
No. 25838-JA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
Mary S. Cowles, Asst. Dist. Atty., for plaintiff-appellant.
Ronald J. Miciotto, for defendant-appellee.
Before NORRIS, VICTORY and BROWN, JJ.
VICTORY, Judge.
The plaintiff, the State of Louisiana in the interest of P.M.I. and H.L.I., minor children of Rebecca H. Irion, appeals from a Caddo Parish Juvenile Court judgment sustaining an exception of no cause of action and recalling its rule to establish child support against the defendant, Scott B. Irion. For the reasons below, we reverse the judgment of the juvenile court.

FACTS
On May 21, 1986, Rebecca H. Irion and Scott B. Irion were divorced by judgment of the First Judicial District Court, Caddo Parish, Louisiana. In that judgment, Mrs. Irion was awarded $375 per month child support for the two children born of the marriage. By a subsequent judgment of the same court dated May 12, 1992, the child support award was increased to $450 per month.
On February 5, 1993, the State of Louisiana, Department of Social Services, Support Enforcement Division, in the interest of the two children, filed this rule against the defendant in the juvenile court to have child support awarded with the state as payee, pursuant to LSA-R.S. 46:236.1(F).
The defendant filed an exception of no cause of action to the rule pursuant to LSA-R.S. *29 9:311, contending that the state had failed to allege a change in circumstances from the date of the previous district court child support award. On June 21, 1993, the Juvenile Court sustained the exception of no cause of action, finding that to rule otherwise would invite "court shopping" between the juvenile and district courts. This appeal followed.

DISCUSSION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). The court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels Subaru, Inc., supra.
LSA-R.S. 46:236.1(F) authorizes the state to obtain an order of support against the responsible person in any case in which the department is providing services under that Section. The statute provides further, in pertinent part, that:
A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.
Juvenile courts are vested with exclusive original jurisdiction in proceedings brought by the district attorney to establish or enforce support pursuant to the provisions of LSA-R.S. 46:236.1(F). LSA-Ch.C. Art. 311; State in the Interest of M.S.S. v. Thomas, 606 So.2d 1353 (La.App. 2d Cir.1992). Children's Code Article 311 provides in Section B:
A support order rendered pursuant to an action brought under this Article shall not modify a prior judgment of a district court or be modified by a district court having appropriate jurisdiction over support. Upon proof thereof, amounts paid for a particular period pursuant to a support order rendered by either court shall be credited against the amounts accruing or accrued for the same period under any support order rendered by the other court.
Additionally, Comment (b) notes that the article clarifies the independent nature of juvenile and civil court support awards, allowing coexistent orders under which payment to one may serve as a set-off for the order.
In Mitchell v. Mitchell, 610 So.2d 1114 (La.App. 5th Cir.1992), the court interpreted LSA-Ch.C. Art. 311(B) to provide that juvenile and civil awards of support are independent and may co-exist while payment to one is used as a set-off to the other. In Mitchell, a juvenile court award was already in existence when the mother sought an increase in child support in civil district court. The court found that because the district court judgment was an independent judgment, not a modification of the juvenile court judgment of support, there was no requirement that the mother show a change in circumstances from the time of the earlier judgment. Mitchell, supra.
Following Mitchell, we find that the state's rule to establish an initial child support award pursuant to LSA-R.S. 46:236 et seq., need not allege a change of circumstances from the time of the May 12, 1992, district court award in order to state a cause of action. Accordingly, we reverse the judgment of the juvenile court sustaining the peremptory exception of no cause of action. Clearly, the state is entitled to obtain a judgment naming the department as payee. See also La.R.S. 46:236.2 A. However, this is not to suggest that a larger award should be granted in the juvenile court. Such an award must be made based on the circumstances that are present when the claim by the state is made.

DECREE
For the foregoing reasons, the judgment of the juvenile court sustaining the exception of no cause of action filed by Scott Bennett Irion is reversed and the exception is overruled.
REVERSED.