870 So.2d 450 (2004)
STATE of Louisiana, in the Interest of K.L., Plaintiff-Appellee
v.
Harold LEEDS, Defendant-Appellant.
No. 38,245-JAC.
Court of Appeal of Louisiana, Second Circuit.
April 7, 2004.
*451 Sutton & Sutton by Bobby D. Sutton, Sr., Shreveport, for Defendant Appellant Harold Leeds.
Paul J. Carmouche, District Attorney, Glen Mangham, Assistant District Attorney, for Plaintiff Appellee State of Louisiana, DOSS.
Michelle Dufour Brown, for Plaintiff Appellee K.L.
J. Brad Smitherman, for Defendant Appellee Karen Trice.
Before WILLIAMS, STEWART and CARAWAY, JJ.
STEWART, J.
In this child in need of care proceeding, Harold Leeds ("Leeds"), the father of the minor child K.L., appeals the trial court's award of child support. For the reasons expressed herein, we affirm the judgment in part, amend it in part, and remand it to the trial court for hearings consistent with this opinion.

FACTS
On April 28, 2003, the trial court granted judgment awarding custody of the minor child, K.L., to her mother, Karen Trice ("Trice"). The trial court then ordered Leeds to appear and show cause why he should not be ordered to pay child support. On June 11, 2003, the scheduled hearing on child support was continued due to the failure and/or refusal of Trice to produce the financial information required by the court's order. Prior to the July 16, 2003, trial, Trice again failed to produce the financial information required by the court's order. Despite Trice's failure to produce the financial records, the court elected to proceed with the child support hearing.
During the trial, Trice testified that her gross monthly wages were $900.00. Leeds produced his federal and state tax returns for the years 1999 through 2001. Those documents reflected a monthly income of an average of $954.00. In addition, Leeds testified that the potential income he could receive from real estate inherited from his mother was $500.00. In addition to that figure, Leeds testified that he received approximately $150.00 a month in interest and dividends from money inherited from his mother.
Following the trial, the court found that Trice willfully failed to follow its order to produce her financial income information in a timely manner, and held her in contempt. She was given a 90 days suspended sentence in the Caddo Correctional Center subject to her compliance with the court's order. Next, based on a cumulative income of $2852.14, the court ordered Leeds to pay Trice $302.52 per month as child support for the care and support of K.L. The court also ordered Leeds to *452 maintain medical and dental insurance for the minor child. This appeal ensued.

DISCUSSION
Child Support Calculations
Leeds contends that the trial court erred in fixing child support when Trice willfully and contemptuously withheld any verification of her financial information from the court. We agree.
The Child Support Guidelines ("guidelines"), La. R.S. 9:315, et seq, are the framework within which the obligation of child support must be administered. They seek to fairly apportion financial responsibility between the parents for their children. Toward these ends, the Guidelines balance the needs of children with the means available to the parents. James v. James, 34,567 (La.App.2d Cir.4/6/01), 785 So.2d 193; State in Interest of Travers v. Travers, 28,022 (La.App.2d Cir.12/6/95), 665 So.2d 625.
La. R.S. 9:315.2 reads in pertinent part:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.

* * *
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
It is clear that La. R.S. 9:315.2(A) requires that each party to a proceeding fixing child support provide a "verified income statement showing gross income and adjusted gross income." See also Ventura v. Rubio, 785 So.2d 880 (La.App. 4th Cir.2001); Inzinna v. Acosta, 623 So.2d 1357 (La.App. 5 Cir.1993); Crefasi v. Crefasi, 628 So.2d 1274 (La.App. 3d Cir.1993).
We find that the trial court erred in calculating Leeds' income. His yearly income was determined by the court was determined to be $12,625.68 based on monthly income of $1,052.14. The judge also added rental income of $500.00 per month subject to a $100.00 credit for repairs. However, the judge then added miscellaneous income of $500.00 a month giving Leeds a total monthly income of $1952.14. We find no basis for the $500.00 addition; therefore, we reverse that portion of the judgment and fix Leeds' monthly income at $1452.14.
Leeds also contests the trial court's addition of potential rental income of $400.00 for a property in Anderson Island that Leeds had inherited which had been vacant for approximately a year before the instant rule. The trial court added the potential income from the property after concluding that Leeds was allowing the asset to "sit idle." The record reveals that Leeds enjoyed rental income of $500.00 from the property in 2001. It is certainly *453 reasonable for the trial court to conclude that Leeds should receive some income from the property.
Our review of the record further reveals that, because of the lack of documentation provided by Trice, the trial court could not have accurately applied the guidelines to determine child support. An application of the guidelines to calculate the basic child support obligation necessitates accurate information from both Leeds and Trice. Moreover, the scant information provided by Trice is not particularly reliable in determining her income. The single pay stub submitted by Trice is useless to verify her monthly income for the following reasons: it only shows wages based on 8.25 hours of work; the stub reflects only "reported tips;" the stub does not reflect the date upon which wages first began; and the stub is from an employer for whom she is no longer employed. Nonetheless, we will maintain the trial court's assignment of $900.00 a month income to Trice for an order of child support, but we remand the case to the trial court for further hearings to determine Trice's income.
The purpose of child support is to secure the maximum amount of support for the child. Thus, in the interests of K.L., we accept the court's calculation of Leeds' income of $1452.14. We also accept the court's determination of Trice's monthly income of $900. As a result, the cumulative income of the parties is $2352.14, requiring total child support in the amount of $380.00. Leeds' share of that obligation is $234.60. Consequently, we fix his support obligation accordingly, and remand this matter to the trial court for Leeds to show that Trice's income is greater than $900.
Lastly, Leeds contends that the trial court abused its discretion in ordering him to provide dental and medical insurance for K.L. when there was no evidence presented or inquiry made as to the availability and cost of said coverage. We disagree. Although the court erred in its calculation of Leeds' resources, we find no abuse of discretion in the court's judgment given the evidence in the record of Leeds' income, resources, and employment history.

CONCLUSION
We find that the trial court erred by fixing child support without requiring the proper documentation verifying Trice's income, and in assigning $500.00 in miscellaneous income to Leeds. Consequently, we amend the trial court's order of child support and order Leeds to pay child support in the amount of $234.60 per month effective five days from the date that this judgment is made final. We also remand this matter to the trial court to allow Trice to provide documentation of her income. The portion of the judgment requiring Leeds to pay for medical and dental insurance to K.L. is affirmed.
AFFIRMED IN PART. AMENDED IN PART AND REMANDED.