954 So.2d 291 (2007)
STATE of Louisiana, Plaintiff-Appellee,
v.
Kevin D. WHITE, Defendant-Appellant.
No. 41,802-JAC.
Court of Appeal of Louisiana, Second Circuit.
March 28, 2007.
*292 David R. Cook, Haughton, for Appellant.
Robert R. Smith, for Assistant District Attorney Appellee.
Before WILLIAMS, STEWART and DREW, JJ.
STEWART, J.
Kevin White appeals the trial court's judgment increasing his child support obligation arguing that the juvenile court did not have jurisdiction over the proceedings because the matter was subject to an order from the district court and that the matter was abandoned. Finding no merit in either argument, and for the reasons outlined below, we affirm the judgment of the trial court.

FACTS
In this proceeding for child support, an order of support was rendered in Terrie Lassetter v. Kevin White, Case No. 88,555 in the 26th Judicial District Court. The State obtained a judgment for medical insurance against the Mr. White on May 13, 1996 in the Judicial District Juvenile Court Case No. 10,072. Ms. Lassetter (also referred to in the record as Terrie Shaw), who is the custodial parent, qualified for State services as a non-AFDC Medicaid recipient. The State then sought to transfer the child support proceedings from civil district court to juvenile court and have the State named as payee. A judgment was obtained pursuant to the defendant's waiver of a court appearance.
The State later requested an increase in child support. Following a series of exceptions, amended rules, amended judgments, and hearings, the trial court entered an interlocutory judgment on October 26, 1998, ordering the defendant to pay $550.00 per month in child support plus medical support for one year. Mr. White filed exceptions of lis pendens and no right of action. However, the hearing officer overruled these exceptions and on October 26, 1999, ruled that the matter was transferred from civil court to juvenile court and the interim order was to continue. Mr. White appealed this ruling to the juvenile court judge. On February 4, 2000, the trial judge affirmed the recommendations of the hearing officer. The defendant continued to pay the child support pursuant to the court's order in the sum of $550.00 per month. Other than the payment of support, the record does not reflect any activity between February 4, 2000 and January 25, 2006. However, on January 25, 2006, the State filed a rule for an increase in child support. Mr. White filed an ex parte motion for dismissal on the grounds of abandonment. An ex parte order dismissing the State's order collecting $550 per *293 month was entered on June 13, 2006. The State filed a motion for contradictory hearing challenging the ex parte order, and the ex parte order was overturned by the district court on July 26, 2006. The instant appeal followed.

DISCUSSION
Abandonment
In his first assignment of error, Mr. White asserts that the trial court erred by denying his motion for dismissal for abandonment. He argues that the state's rule for child support was abandoned on February 7, 2003. Abandonment is governed by La. C.C.P. art. 561, which provides:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . .
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(3) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
La. C.C.P. art. 561 sets forth three requirements: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court on the record of the suit, with the exception of formal discovery; and (3) that the step be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp. of Louisiana, 01-2056 (La.4/3/02), 813 So.2d 335; Bryant v. City of Monroe, 37,811 (La.App.2d Cir.10/29/03), 859 So.2d 907.
In Jones v. Phelps, 95-0607 (La.App. 1st Cir.11/9/95), 665 So.2d 30, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104, the court stated:
Two exceptions to the rule of abandonment have been recognized by the courts: (1) when the failure to prosecute was caused by circumstances beyond the plaintiff's control and (2) when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned.
The purpose of child support is to secure the maximum amount of support for the child. State ex rel K.L. v. Leeds, 38,245 (La.App.2d Cir.4/7/04), 870 So.2d 450. The obligation to support their children is conjoint upon the parents and each *294 must contribute in proportion to his or her resources. Stogner v. Stogner, 98-3044 (La.07/07/99), 739 So.2d 762; Hogan v. Hogan, 549 So.2d 267 (La.1989); Harper v. Harper, 33,452 (La.App. 2d Cir.06/21/00), 764 So.2d 1186. The overriding factor in determining the amount of support is the best interest of the children. Bagwell v. Bagwell, 35,728 (La.App.2d Cir.3/08/02),812 So.2d 854; State v. Baxter, 33,188 (La. App.2d Cir.05/10/00), 759 So.2d 1079.
Child support is a debt or legal obligation that is subject to prescription. La. C.C. art. 3498 provides:
Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.
However, prescription is interrupted by acknowledgment of the debt. La. C.C. art. 3464. Payment on the debt constitutes an acknowledgment which interrupts prescription. Ford Motor Co. v. Brown, 32,995 (La.App.2d Cir.04/05/00), 756 So.2d 654; Chaisson v. Chaisson, 29,243 (La.App.2d Cir.2/26/97), 690 So.2d 899; Marr v. Johnson, 204 So.2d 806 (La.App. 2d Cir.1967). If prescription of a debt is interrupted by the payment of said debt, it must follow that the uninterrupted and unchallenged payment of a child support obligation for over five years must defeat an action for abandonment. Thus, the trial court was correct in its determination that the action was not abandoned because of Mr. White's payment of the obligation.
The case of Griffin v. Campbell, XXXX-XXXXX (La App.3d Cir. 11/2/00), 772 So.2d 370, relied upon by the defendant is distinguishable on it facts. The plaintiff in Griffin had received an order for an increase in child support that was reversed by the appellate court and failed to have the matter reset for hearing following remand. In that case the defendant paid the increased support obligation although he was no longer under order to do so. The Third Circuit did not discuss whether the defendant's payment of the amount due constituted a step in prosecution. The court also noted that the child at issue had now reached the age of majority and the plaintiff was no longer able to receive child support on his behalf, so a motion for increase in child support was without merit. In the instant case, there was an order in place to pay the child support obligation of $550 that was unchallenged by the defendant and the child at issue has not reached the age of 19. Thus, we find no merit in this assignment.
Lis Pendens/No Cause of Action
The defendant contends that the district court retained jurisdiction over its original order of child support; therefore, the trial court's judgment overruling his exception of lis pendens should be reversed. He also contends that the Department of Social Services has no cause of action to create a second judgment of support.
However, the action taken by the trial court is supported by this Court's decision in State in the Interest of P.M.I. v. Irion, 25,838 (La.App.2d Cir.1/19/94), 631 So.2d 28. In Irion, we stated:
La. R.S. 46:236.1(F) authorizes the state to obtain an order of support against the responsible person in any case in which the department is providing services under that Section. The statute provides further, in pertinent part, that:
A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.

*295 Juvenile courts are vested with exclusive original jurisdiction in proceedings brought by the district attorney to establish or enforce support pursuant to the provisions of LSA-R.S. 46:236.1(F). La. Ch.C. Art. 311; State in the Interest of M.S.S. v. Thomas, 606 So.2d 1353 (La.App. 2d Cir.1992). Children's Code Article 311 provides in Section B:
A support order rendered pursuant to an action brought under this Article shall not modify a prior judgment of a district court or be modified by a district court having appropriate jurisdiction over support. Upon proof thereof, amounts paid for a particular period pursuant to a support order rendered by either court shall be credited against the amounts accruing or accrued for the same period under any support order rendered by the other court.
Additionally, Comment (b) notes that the article clarifies the independent nature of juvenile and civil court support awards, allowing coexistent orders under which payment to one may serve as a set-off for the order.
As a result, the Irion court recognized that the State did have a separate and distinct cause of action in cases where a prior order of child support existed in the district court.
No Right of Action
The defendant argues that the Department has no right of action to institute suit because the custodial parent, Ms. Lassetter, has not proven that she is eligible to receive support services under La. R.S. 46:236.1.2 from the Department of Social Services because she has not demonstrated a need qualifying her for the services under the statute.
This action was brought by the Department of Social Services under the provisions of La. R.S. 46:236.1.2 which reads, in pertinent part, as follows:
A. The department is hereby authorized to develop and implement a program of family support in FITAP cases, Title IV-E Foster Care cases, Medicaid only cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:
(1) Enforce, collect, and distribute the support obligation owed by any person to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.
* * *
(4) Obtain and modify family and child support orders.
* * *
D. (1) The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. Additionally, the department may take direct action to modify an *296 order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Subpart. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.
We note that the Department is prevented under La. R.S. 46:236.1.2(D)(1) from obtaining a child support order "when it is not in the best interest of the child." State ex rel H.B. v. Blair, 40,140 (La.App.2d Cir.4/17/05), 909 So.2d 710.
Here, the trial court made a best interest determination in the custody proceeding to name the mother as the custodial parent. The State's interest for support enforcement was subject to this initial custody determination, which was not contested by the defendant in this action as being against the best interest of the child. The child support obligation of $550 a month was established in 2000, and any action to collect support would be based on that determination of need. There is nothing in the record that suggests that the trial court's order of support was no longer in the best interests of the child. The matters of record demonstrate that the custodial parent was qualified as a non-AFDC Medicaid recipient and the defendant was ordered to provide medical insurance on May 13, 1996.
In this case, the custodial parent qualified in 1996 because she was receiving Medicaid. In 1998 the State sought to be named as payee when the instant proceedings began. Therefore this assignment is without merit.

CONCLUSION
Based on the above, we affirm the ruling of the trial court overturning the ex parte order and denying the defendant's motion for dismissal for abandonment and exceptions of lis pendens and no right of action. Costs assessed to the appellant.
AFFIRMED.